ANDREW L. SATENBERG (Bar No. CA 174840)
NOEL S. COHEN (Bar No. CA 219645)
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224
Email: asatenberg@manatt.com
       ncohen@manatt.com

JEFFREY KATZ, (BAR NO. CA 137246)
COMMUNITY DENTAL SERVICES, INC. DBA SMILECARE
2 Macarthur Place, Suite 700
South Coast Metro, CA 92707-7705
Telephone: (714) 708-5348
Facsimile: (714) 850-3350
Email: jkatz@smilecare.com

Attorneys for Defendant and Third-Party Plaintiff
COMMUNITY DENTAL SERVICES, INC. DBA SMILECARE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>COMMUNITY DENTAL SERVICES, INC., dba SMILECARE,<br><br>Defendant | Case No. C 07-4950 MJJ<br><br>COMMUNITY DENTAL SERVICES, INC. DBA SMILECARE'S ANSWER TO COMPLAINT |

Defendant Community Dental Services, Inc. dba SmileCare ("Defendant"), by its attorneys, states its Answer to the Complaint of Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff") as follows:

In response to the Introduction to the Complaint, Defendant states that said Introduction constitutes a conclusory allegation and legal conclusion to which no responsive pleading is required. To the extent any response is required, Defendant

denies the allegations set forth in the Introduction.

1. Paragraph 1 of the Complaint sets forth legal conclusions, not factual averments that may be admitted or denied. To the extent that this paragraph contains allegations of fact, Defendant denies, both generally and specifically, each and every allegation of this paragraph.

2. Paragraph 2 of the Complaint sets forth legal conclusions, not factual averments that may be admitted or denied. To the extent that this paragraph contains allegations of fact, Defendant denies, both generally and specifically, each and every allegation of this paragraph.

3. Paragraph 3 of the Complaint sets forth legal conclusions, not factual averments that may be admitted or denied. To the extent that this paragraph contains allegations of fact, Defendant denies, both generally and specifically, each and every allegation of this paragraph.

4. Paragraph 4 of the Complaint sets forth legal conclusions, not factual averments that may be admitted or denied. To the extent any response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

5. Defendant admits the allegations set forth in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint sets forth legal conclusions, not factual averments that may be admitted or denied. To the extent that this paragraph contains allegations of fact, Defendant denies, both generally and specifically, each and every allegation of this paragraph.

7. Paragraph 7 of the Complaint sets forth legal conclusions, not factual averments that may be admitted or denied. To the extent any response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, except for the fact that charges were filed with Plaintiff.

8. Defendant denies the allegations set forth in Paragraph 8 of the

Complaint.

9. Defendant denies the allegations set forth in Paragraph 9 of the Complaint.

10. Defendant denies the allegations set forth in Paragraph 10 of the Complaint.

11. Defendant denies the allegations set forth in Paragraph 11 of the Complaint.

12. For its Answer to Paragraph 12 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 11 of the Complaint as though fully set forth herein.

13. Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

14. Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant denies the allegations set forth in Paragraph 15 of the Complaint.

16. Defendant denies the allegations set forth in Paragraph 16 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant alleges that some or all of Plaintiff's claims fail to set forth facts upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant alleges that Plaintiff is not entitled to punitive or exemplary damages because the Complaint fails to allege facts sufficient to warrant an award of punitive damages.

### THIRD AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant alleges that Plaintiff's claims for punitive or exemplary damages are barred in that Plaintiff has failed to plead facts sufficient to support allegations of malice, oppression or fraud.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant alleges that none of its acts were spiteful, malicious, in bad faith or motivated by any ill-will or fraud. Instead, Defendant's acts were privileged, non-discriminatory, proper and taken in accordance with Defendant's rights as accorded by law.

### FIFTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant alleges that Plaintiff's claims are barred because at all relevant times, the individuals cited in Plaintiff's Complaint were treated in a fair, nondiscriminatory, non-harassing, and non-retaliatory manner.

### SIXTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant alleges that all actions taken by Defendant was for good cause and not for any improper reason or motive, in that at all relevant times, Defendant acted with a good faith belief that they had good cause and/or a legitimate business reason to act as they did and did not directly or indirectly perform any acts which would constitute a violation of any individual's rights. As a consequence, Plaintiff and those cited in Plaintiff's Complaint are not entitled to any damages whatsoever.

### SEVENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant alleges that some or all of Plaintiff's claims are barred in that Plaintiff and those referenced in Plaintiff's Complaint, by reason of their own conduct and actions, have waived any right to assert the claims set forth therein.

### EIGHTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant alleges that the individuals referenced in Plaintiff's Complaint have failed to mitigate any alleged damages. Accordingly, the recovery from Defendant, if any, should be altogether barred, or, in the alternative, reduced in proportion to the failure to mitigate.

### NINTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant alleges that some or all of Plaintiff's claims are barred in that Plaintiff and those referenced in Plaintiff's Complaint, by reason of their own conduct and actions, are estopped from asserting the claims set forth therein.

### TENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant alleges that some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant alleges that some or all of Plaintiff's claims are barred by the doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant alleges that some or all of Plaintiff's claims are barred by a failure to exhaust administrative remedies in a timely manner, or at all.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant alleges that the some or all of Plaintiff's claims are barred by the doctrine of unclean hands by reason of Plaintiff's, or those referenced in Plaintiff's Complaint, own conduct and actions.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant alleges that some or all of Plaintiff's claims are barred because the alleged conduct complained of by Plaintiff was done by persons or entities other than Defendant and, that at all times,

said persons or entities acted without the consent, authorization, knowledge, or ratification of Defendant with regard to the acts as alleged in the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant alleges that if any loss, injury, damage or detriment occurred as alleged in Plaintiff's Complaint, some or all of such loss, injury, damage or detriment was caused and contributed to by the willful acts of Plaintiff or those referenced in Plaintiff's Complaint. Accordingly, Plaintiff's recovery from Defendant, if any, should be barred or, in the alternative, reduced in proportion to the percentage of the Charging Parties or others' fault.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant alleges that any claims by Plaintiff based in whole or in part on any alleged physical or emotional injury, including, but not limited to, emotional distress and mental anguish, are barred because the sole and exclusive remedy for such injury, if any, is governed by the California Workers Compensation Act, California Labor Code § 3200, et seq., and the Workers' Compensation Appeals Board, and Plaintiff and/or the Charging Parties have failed to pursue their remedies under the Act.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant has engaged attorneys to represent it in defense of Plaintiff's frivolous, unfounded and unreasonable action, and Defendant is thereby entitled to an award of reasonable attorneys' fees and costs.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves the right to assert additional affirmative defenses in the event that discovery indicates that additional affirmative defenses are available.

WHEREFORE, Defendant prays that this Court enter judgment:

A.  dismissing Plaintiff's Complaint in its entirety, with prejudice;

B.  awarding Defendant its attorneys' fees and costs in this action; and

C.  for any other relief that this Court may deem just and proper.

Dated: January 15, 2008                MANATT, PHELPS & PHILLIPS, LLP

By: _____
Noel S. Cohen
*Attorneys for Defendant*
COMMUNITY DENTAL SERVICES
INC. DBA SMILECARE

41193839.1

ANSWER TO COMPLAINT

# PROOF OF SERVICE

I, Jill A. Serena, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On January 15, 2008, I served a copy of the within document(s): **COMMUNITY DENTAL SERVICES, INC. DBA SMILECARE'S ANSWER TO COMPLAINT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

William R. Tamayo, Esq.
Jonathan T. Peck, Esq.
Cindy O'Hara, Esq.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105
Phone: (415) 625-5653
Fax: (415) 625-5657

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 15, 2008, at Los Angeles, California.

*/s/ Jill A. Serena*
Jill A. Serena

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41196232.1