ANDREW L. SATENBERG (Bar No. CA 174840)
NOEL S. COHEN (Bar No. CA 219645)
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224
Email: asatenberg@manatt.com
       ncohen@manatt.com

JEFFREY KATZ, (BAR NO. CA 137246)
COMMUNITY DENTAL SERVICES, INC. DBA
SMILECARE
2 Macarthur Place, Suite 700
South Coast Metro, CA 92707-7705
Telephone: (714) 708-5348
Facsimile: (714) 850-3350
Email: jkatz@smilecare.com

Attorneys for Defendant and Third-Party Plaintiff
COMMUNITY DENTAL SERVICES, INC. DBA
SMILECARE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> COMMUNITY DENTAL SERVICES, INC., dba SMILECARE, <br><br> Defendant | Case No. C 07-4950 MJJ <br><br> THIRD PARTY COMPLAINT BY COMMUNITY DENTAL SERVICES, INC. DBA SMILECARE FOR CONTRACTUAL INDEMNITY, EQUITABLE INDEMNITY AND DECLARATORY RELIEF <br><br> [FRCP 14(a)] |
| COMMUNITY DENTAL SERVICES, INC., DBA SMILECARE, <br><br> Third Party Plaintiff, <br> vs. <br><br> BAJU REDDY, M.D. <br><br> Third Party Defendant. | |

Defendant and Third-Party Plaintiff Community Dental Services, Inc. dba SmileCare ("SmileCare") alleges as follows against Third-Party Defendant Dr. Baju Reddy ("Reddy") and Does 1 through 10:

1. On September 25, 2007, Plaintiff Equal Employment Opportunity Commission ("Plaintiff") filed a Complaint ("Complaint") against SmileCare in the Northern District of California.

2. By this Third-Party Complaint, SmileCare seeks indemnification from Reddy for any damages, costs and expenses incurred by SmileCare as a result of the lawsuit filed by Plaintiff. The Complaint filed by Plaintiff alleges that SmileCare, has engaged in unlawful practices of sex discrimination in violation of §703(a) of Title VII, 42 U.S.C. §2000e-2(a)(1) through the actions of Reddy. The Complaint further alleges that SmileCare has violated §704(a) of Title VII, 42 U.S.C. §2000e-3(a) by subjecting Charging Parties Nicole Rooney and Bethany Sanders ("Charging Parties") to retaliation after they expressed their opposition to sex discrimination by Reddy.

3. This Court has jurisdiction of this Third-Party Complaint under 28 U.S.C. § 1331 because it arises out of the same transaction and occurrence alleged in Plaintiff's Complaint so as to form a part of the same case or controversy within the meaning of Article III of the United States Constitution.

## THE PARTIES

4. SmileCare is a Knox-Keene Corporation, duly licensed in the State of California, with its principal place of business in Santa Ana, California.

5. SmileCare is in the business of providing accessible, affordable and quality dental services. It owns and manages large group dental practices and also sells DHMO/discount dental plans to commercial groups and individuals.

6. SmileCare is informed and believes that Third Party Defendant Baju Reddy ("Reddy"), M.D., resides in Los Altos, California and is duly and

currently licensed to practice dentistry in the State of California and is certified in the specialty of Oral Surgery.

7. On or around February 16, 2004, SmileCare and Reddy entered into a Provider Agreement and Space Rental Agreement ("Agreement"), which, by its terms, continues from year to year unless terminated by either party. This Agreement has not been terminated.

8. Under the Agreement, Reddy was an independent contractor for SmileCare. SmileCare was responsible for scheduling and billing patients for care, and provided Reddy with facilities and equipment as was reasonably required to perform dental services. Reddy was responsible for the treatment and care of patients.

9. The true names and capacities, whether individual, corporate, associate or otherwise, of Does 1 through 10, inclusive, are unknown to SmileCare at this time. SmileCare therefore sues said third party defendants by said fictitious names. SmileCare will seek leave of court to amend this Third Party Complaint to show the true names and capacities of the fictitiously named third party defendants when the same have been ascertained, together with such additional allegations as may be necessary in that regard.

## FIRST CAUSE OF ACTION

(Contractual Indemnity/Contribution)

10. SmileCare repeats and re-alleges the allegations set forth in paragraphs 1 through 9 above and incorporates them herein by this reference.

11. Plaintiff contends that, based upon the alleged conduct of Reddy, SmileCare engaged in unlawful practices of sex discrimination and retaliation after the Charging Parties expressed their opposition to sex discrimination.

12. The Agreement between SmileCare and Reddy provides that "at all times, [Reddy] agrees to conduct himself in a professional and businesslike manner with patients and staff."

13. The Agreement also provides that, "as a material part of this Agreement, it is expressly understood that [SmileCare] highly values its reputation in the community and [Reddy] agrees to conduct himself in a supportive and professional manner cognizant of smooth patient and employee relations."

14. The Agreement further provides that Reddy has a legal obligation to indemnify SmileCare and "save it harmless from and against any damages, costs, expenses or loss (including legal fees and court costs) resulting from [Reddy's] failure to perform any act required [in the Agreement], or as a result of performing such act in a negligent manner, and misconduct . . ."

15. SmileCare contends that it is contractually entitled to be held harmless and indemnified by Reddy, in the same amount as may be paid or rendered against SmileCare on the original Complaint, or on any pleading to be filed subsequently against SmileCare. SmileCare is further entitled to be held harmless and indemnified by Reddy for reasonable costs incurred in defending this action and in prosecuting this Third Party Complaint.

## SECOND CAUSE OF ACTION
(Equitable Indemnity/Contribution)

16. SmileCare repeats and re-alleges the allegations set forth in paragraphs 1 through 15 above and incorporates them herein by this reference.

17. If the Charging Parties have been damaged as alleged, or as any of the Charging Parties might in the future allege, any such injuries or damages were proximately caused or contributed by the negligence, fault, acts or omissions of Reddy. Under the doctrine of contribution, SmileCare's alleged negligence, fault, acts and omissions, if any, must be compared with the negligence, fault, acts or omissions of Reddy, as well as that of any other person or parties, who may have contributed to and/or caused the alleged wrongdoing at issue. Any award of damages to the Charging Parties resulting from such comparison must be

apportioned to, and required to be paid by, Reddy, according to the amount and degree of the negligence, fault, acts or omissions.

18. Under the doctrine of equitable indemnity, SmileCare is entitled to be held harmless and indemnified by Reddy, in the same amount as may be paid or rendered against SmileCare on the original complaint, or on any pleading to be filed subsequently against SmileCare, by virtue of settlement or judgment, according to the relative fault or percentage of fault of Reddy, which proximately caused or contributed to the injury or damages, if any, alleged suffered by the Charging Parties to this action against SmileCare. SmileCare is further entitled to be held harmless and indemnified by Reddy for reasonable costs incurred in defending the main action and any other pleading against SmileCare in this action, and in prosecuting this Third Party Complaint.

### THIRD CAUSE OF ACTION

(Declaratory Relief)

19. SmileCare repeats and re-alleges the allegations set forth in paragraphs 1 through 18 above and incorporates them herein by this reference.

20. An actual controversy has arisen and now exists between SmileCare and Reddy regarding the duty of Reddy to indemnify, in whole or in part, SmileCare from any claim, loss, expense, cost or liability that SmileCare may incur as a result of the present lawsuit by Plaintiff.

21. SmileCare seeks a judicial determination of the respective rights and duties of SmileCare and Reddy with respect to the foregoing controversy. Such a determination is necessary and appropriate at this time so that SmileCare may ascertain its rights and duties with respect to such issues. In particular, SmileCare seeks a declaration of liability of Reddy for the damages alleged in Plaintiff's Complaint and a declaration of Reddy's obligations to indemnify and/or pay contribution to SmileCare for any amounts that SmileCare may be required to pay Plaintiff and for which SmileCare is determined responsible in whole or in part.

# PRAYER

WHEREFORE, SmileCare demands judgment as follows:

1. For a declaration of the comparative liability of SmileCare and Reddy for the damages alleged in the Complaint, if any exist;

2. For a declaration of the amount Reddy is obligated to contractually or equitably indemnify and/or pay contribution for if SmileCare incurs any damages, costs or expenses as a result of any damages or other awards that Plaintiff may recover against SmileCare;

3. For legally allowable costs; and

4. For such other and further relief as the Court deems just and proper.

Dated: January 15, 2008         MANATT, PHELPS & PHILLIPS, LLP

By: _____
Noel S. Cohen
*Attorneys for Defendant*
COMMUNITY DENTAL SERVICES
INC. DBA SMILECARE

41192955.1

**PROOF OF SERVICE**

I, Jill A. Serena, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On January 15, 2008, I served a copy of the within document(s): ***THIRD PARTY COMPLAINT BY COMMUNITY DENTAL SERVICES, INC. DBA SMILECARE FOR CONTRACTUAL INDEMNITY, EQUITABLE INDEMNITY AND DECLARATORY RELIEF***

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

> William R. Tamayo, Esq.
> Jonathan T. Peck, Esq.
> Cindy O'Hara, Esq.
> EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
> San Francisco District Office
> 350 The Embarcadero, Suite 500
> San Francisco, California 94105
> Phone: (415) 625-5653
> Fax: (415) 625-5657

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 15, 2008, at Los Angeles, California.

*/s/ Jill A. Serena*
Jill A. Serena

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41196232.1