1  WILLIAM R. TAMAYO - #084965 (CA)
2  JONATHAN T. PECK - #12303 (VA)
   SANYA HILL MAXION - #18731 (WA)
3  EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
   San Francisco District Office
4  350 The Embarcadero, Suite 500
   San Francisco, CA 94105
5  Telephone No. (415) 625-5650
   Fax No. (415) 625-5657
6  E-mail: sanya.hill@eeoc.gov

7  Attorneys for Plaintiff

8  ANDREW L. SATENBERG –SBN#174840
   NOEL S. COHEN-SBN#219645
9  MANATT, PHELPS & PHILLIPS, LLP
   11355 West Olympic Boulevard
10 Los Angeles, CA  90064-1614
   Telephone:  (310) 312-4000
11 Facsimile:  (310) 312-4224
   E-mail:  asatenberg@manatt.com
12          ncohen@manatt.com

13 JEFFREY KATZ –SBN #137246
   COMMUNITY DENTAL SERVICES, INC. DBA
14 SMILECARE
   2 Macarthur Place, Suite 700
15 South Coast Metro, CA  92707-7705
   Telephone:  (714) 708-5348
16 Facsimile:  (714) 850-3350
   E-mail:  jkatz@smilecare.com

17 Attorneys for Defendant and Third Party Plaintiff
   Community Dental Services, Inc., dba SmileCare
18

19                UNITED STATES DISTRICT COURT

20                NORTHERN  DISTRICT OF CALIFORNIA

21 
   EQUAL EMPLOYMENT OPPORTUNITY  )
22 COMMISSION,                   )   Case No. C-07-4950-CRB
                                 )
23         Plaintiff,            )
                                 )   JOINT CASE MANAGEMENT
24 v.                            )   STATEMENT AND PROPOSED
                                 )   ORDER
25 COMMUNITY DENTAL SERVICES,    )
   INC.,  dba SMILECARE,         )   DATE:   Friday, April 18, 2008
26                               )
                                 )   TIME:   8:30 a.m.
27                               )
                                 )   PLACE: Courtroom 8, 19th Floor
28         Defendant.            )

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER, CASE NO. C-07-4950-CRB

Pursuant to this Court's Civil Local Rule ("Civ. L.R.") 16-9, the parties jointly submit this Case Management Statement and Proposed Order. Each party certifies that its lead trial counsel who will try this case met and conferred for the preparation of this Statement as required by Civ. L.R. 16-3.

The parties make the following representations and recommendations:

# I.  FACTS

## A.  A Brief Description Of The Events Underlying The Action

### 1.  Plaintiff's Description Of The Case

The EEOC filed this action pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief, if any, to Nicole Rooney, Bethany Sanders, and similarly situated women, who were adversely affected by such practices. Plaintiff EEOC alleges that Defendant Community Dental Services, Inc., dba Smilecare ("Defendant") subjected Ms. Rooney and Ms. Sanders and other women, to unlawful discrimination based on their sex, and to unlawful retaliation after they expressed their opposition to the unlawful discrimination.

### 2.  Defendant's Description Of The Case

Defendant and Third Party Plaintiff Community Dental Services, Inc., dba SmileCare ("SmileCare") denies all allegations of wrongdoing. To the extent the Charging Parties have been damaged as alleged, SmileCare is contractually entitled to be held harmless and indemnified by Third Party Defendant, Dr. Baju Reddy, an independent contractor for SmileCare. SmileCare is in the process of serving Dr. Reddy, and anticipates that he will be served at the time of the Case Management Conference.

# II.  LEGAL ISSUES

1. Whether Defendant engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964 by subjecting Ms. Rooney and Ms. Sanders and other women, to unlawful discrimination based on their sex.

2. Whether Defendant engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964 by subjecting Ms. Rooney and Ms. Sanders and

other women, to unlawful retaliation after they expressed their opposition to the unlawful discrimination.

3. Whether Ms. Rooney and Ms. Sanders and other women suffered economic loss because of the acts alleged in the Complaint;

4. Whether Ms. Rooney and Ms. Sanders and other women suffered emotional distress or pain and suffering as a result of the acts alleged in the Complaint;

5. Whether Ms. Rooney and Ms. Sanders and other women is entitled to any punitive damages.

6. Whether Dr. Reddy is obligated to contractually or equitably indemnify and/or pay contribution if SmileCare incurs any damages, costs or expenses as a result of any damages or other awards that Plaintiff may recover against SmileCare.

### III.   MOTIONS

#### A.   Prior And Pending Motions

There have been no prior and pending motions to date.

#### B.   Plaintiff's Anticipated Motions

Plaintiff does not anticipate filing a motion for summary judgment, but reserves the right to do so if it is later deemed appropriate.

#### C.   Defendant's Anticipated Motions

SmileCare may file a motion for summary judgment, and reserves the right to do so.

### IV.   AMENDMENT OF PLEADINGS

Not applicable at this time.

### V.   EVIDENCE PRESERVATION

#### A.   Plaintiff's Actions

Plaintiff has preserved the EEOC's administrative file.

#### B.   Defendant's Actions

SmileCare has taken necessary steps to preserve all potentially discoverable materials, including those in electronic form.

## VI. DISCLOSURES

Both parties agree to make the requisite initial disclosures under Federal Rule of Civil Procedure 26 on or before April 10, 2008.

## VII. DISCOVERY

### A. Plaintiff's Discovery

Plaintiff has not yet begun discovery in this action. Plaintiff intends to pursue the following methods of discovery: interrogatories, document requests, requests for admissions, and depositions. Plaintiff has not yet determined which individuals it will depose. Plaintiff may also seek a Rule 34 inspection of premises.

### B. Defendant's Discovery

SmileCare has not yet begun discovery in this action. SmileCare intends to pursue the following methods of discovery: interrogatories, document requests, requests for admissions, and depositions. At this time, SmileCare intends to depose Dr. Reddy, Ms. Rooney, and Ms. Sanders. SmileCare reserves the right to take additional depositions if deemed necessary.

## VIII. CLASS ACTIONS

Although this case does involve more than one claimant, this case is not a Fed. R. Civ. P. 23 class action.

## IX. RELATED CASES

There are no related cases.

## X. RELIEF

### A. Plaintiff's Position

Plaintiff will seek the full panoply of damages available under the Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, including but not limited to back wages, compensatory and punitive damages, injunctive relief and any other affirmative relief necessary to eradicate the effects of the alleged unlawful practices. As Smilecare employs more than 900 employees companywide, the statutory limit on compensatory and punitive damages is $300,000 per victim.

    **B.**    **Defendant's Position**

SmileCare submits that Plaintiff is not entitled to any damages, let alone an award of punitive damages. As to Plaintiff, SmileCare seeks an Order dismissing the entire Complaint and awarding SmileCare its attorneys' fees and costs. To the extent the Charging Parties have been damaged as alleged, SmileCare is entitled to be held harmless and indemnified by Third Party Defendant.

**XI.**    **SETTLEMENT AND ADR**

Plaintiff and SmileCare agree to participate in the Court's Mediation Program.

**XII.**    **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

SmileCare has declined to consent to the assignment of this case to a United States Magistrate Judge. The EEOC is willing to consent to the assignment of this case to a United States Magistrate Judge.

**XIII.**    **OTHER REFERENCES**

N/A

**XIV.**    **NARROWING OF ISSUES**

At this time, there are no dispositive or partially dispositive issues appropriate for decision by motion or by agreement.

**XV.**    **EXPEDITED SCHEDULE**

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

**XVI.**    **SCHEDULING**

The parties agree to the following proposed schedule:

(a)    Non-Expert Discovery to be completed by January 9, 2009.

(b)    Dispositive Motions to be heard by March 13, 2009.

(c)    Expert Discovery to be completed by February 13, 2009.

(d)    Pretrial Conference to be conducted on April 28, 2009 at 2:30 p.m.

(e)    Trial requested for May 11, 2009.

### XVII. TRIAL

Plaintiff estimates a 7-10 day trial.  SmileCare estimates a 5-7 day trial.

### XIX. DISCLOSURE OF NON-PARTY INTERESTD ENTITIES OR PERSONS

#### A. Plaintiff's Disclosure

To date, Plaintiff is not aware of any non-party entities or persons that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.  Plaintiff EEOC reserves the right to supplement this disclosure should additional facts become known to it during the discovery process.

#### B. Defendant's Disclosure

To date, SmileCare is not aware of any non-party entities or persons that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.  SmileCare reserves the right to supplement this disclosure should additional facts become known to it during the discovery process.

### XVIII. OTHER MATTERS

The parties are not aware of any other matters at this time conducive to the just, speedy, and inexpensive resolution of this matter.

Dated:    April  8, 2008              _____/s/_____
                                      SANYA HILL MAXION
                                      Attorney for Plaintiff EEOC
                                      350 The Embarcadero, Suite 500
                                      San Francisco, CA 94105
                                      Tel. No. (415) 625-5650

Dated:    April 8, 2008               _____/s/_____
                                      ANDREW L. SATENBERG
                                      MANATT, PHELPS & PHILLIPS, LLP
                                      11355 West Olympic Boulevard
                                      Los Angeles, CA  90064-1614
                                      Tel. No.  (310) 312-4000

*Filer's Attestation: Pursuant to General Order No. 45, Section X(B) regarding signatures, Andrew L. Satenberg hereby attests that concurrence in the filing of this document has been obtained.*

1  The Court finds that the EEOC and SmileCare were represented by lead trial counsel
2  responsible for trial of this matter and were given an opportunity to be heard as to all matters
3  encompassed by this Case Management Statement and Proposed Order filed prior to this
4  conference.  The Court adopts this statement as modified and enters this Order pursuant to Civ. LR
5  16-10(b).

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The foregoing joint statement is adopted by this court as the Case Management Order in this action in accordance with Civ. LR 16 and other applicable Local Rules, and shall govern all further proceedings in this action.

**IT IS SO ORDERED**.

DATE: _____

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

41226460.1