ARTHUR W. CURLEY, BAR NO. 60902
STEVEN BARRABEE, BAR NO. 110201
MEGHAN E. OLIVERI, BAR NO. 236107
BRADLEY, CURLEY, ASIANO,
BARRABEE & GALE, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, California 94939
Telephone: (415) 464-8888
Facsimile: (415) 464-8887
Email: sbarrabee@professionals-law.com
       moliveri@professionals-law.com

Attorneys for Third Party Defendant
RAJU REDDY, D.D.S., M.D. erroneously sued
herein as BAJU REDDY, M.D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br>v.<br><br>COMMUNITY DENTAL SERVICES, INC., dba SMILECARE,<br><br>Defendant.<br>_____<br>COMMUNITY DENTAL SERVICES, INC., DBA SMILECARE,<br><br>Third Party Plaintiff,<br>v.<br><br>BAJU REDDY, M.D.<br><br>Third Party Defendant. | No. **C-07-04950 CRB**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THIRD PARTY DEFENDANT RAJU REDDY, D.D.S, M.D.'S MOTION TO DISMISS THIRD PARTY COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(6)]**<br><br>Hearing Date:   June 20, 2008<br>Hearing Time:  10:00 a.m.<br>Courtroom:      Courtroom 8, 19th Floor<br>Judge:              Hon. Charles R. Breyer |

## I. INTRODUCTION AND ISSUE STATEMENT

The EEOC Complaint involves allegations against Defendant Community Dental Services, Inc. d/b/a SmileCare (hereafter, "SmileCare") of employment discrimination under Title VII, 42 U.S.C. §2000e-2(a)(1) and 2000e-3(a) (collectively referred to herein as "Title VII" unless specified). The "Charging Parties" are two (2) female employees of SmileCare who also were

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 1 -

Memorandum of Points and Authorities in support of Third Party Defendant's
Motion to Dismiss Third Party Complaint pursuant to FRCP 12(b)(6)

Case No. **C-07-04950 CRB**

assigned at various times to locations under the supervision of Dr. Raju Reddy, D.D.S., M.D. (hereafter, "Dr. Reddy"). SmileCare then sued Dr. Reddy under a Third Party Complaint for contractual and equitable indemnity. Dr. Reddy is an independent contractor and was formerly an Employee services to SmileCare patients pursuant to a "Provider Agreement" signed by Dr. Reddy and SmileCare on February 22, 2004.

SmileCare's Third Party Complaint fails to state a claim upon which relief can be granted and therefore is subject to dismissal pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). First, an Independent Contractor cannot be held liable for employment discrimination under Title VII. Second, an Independent Contractor is not an "Employer" under Title VII. Third, Dr. Reddy is not the "employer" of the Charging Parties pursuant to the Provider Agreement; that is SmileCare. Fourth, pursuant to the "Provider Agreement," Dr. Reddy does not have the authority to make any employment decisions about, or take any employment actions against, any of SmileCare's employees. Fifth, SmileCare's claim for contractual indemnification fails because the contractual clause cited by SmileCare is inapplicable to the subject matter of the EEOC Complaint, which is alleged "employment discrimination violations under Title VII." Finally, for all of these reasons, SmileCare's claims for equitable indemnification also fail because Dr. Reddy cannot be held liable under any legal or equitable theory for the causes of action alleged in the EEOC Complaint, and SmileCare has not alleged facts or basis for any theory of equitable indemnity, therefore Dr. Reddy cannot be impled into the lawsuit as a Third Party Defendant under FRCP 14.

## II. THIRD PARTY PLAINTIFFS' CLAIMS AND UNDERLYING CLAIMS

### A.    The Parties and Relationships

The Charging Parties are female employees of SmileCare. They are alleging employment discrimination based on "sex," in violation of Title VII. SmileCare provides dental services to the public. SmileCare hired oral surgeons such as Dr. Reddy who provide oral surgery services at a number of SmileCare facilities. SmileCare provides office facilities, dental assistants, necessary equipment and supplies and administrative support services to these oral surgeons, who treat patients in these facilities. SmileCare has a personnel coordinator who sets the schedules for the surgeons and assistants, but not the patients. The patients' schedules are coordinated through

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 2 -

Memorandum of Points and Authorities in support of Third Party Defendant's
Motion to Dismiss Third Party Complaint pursuant to FRCP 12(b)(6)

Case No. C-07-04950 CRB

SmileCare's offices. The assistants are employees of SmileCare, but the surgeons may be employees or independent contractors.

Dr. Reddy is an oral surgeon who was initially hired by SmileCare as an employee. SmileCare and Dr. Reddy later switched his status to an "Independent Contractor" and they executed a "Provider Agreement" that defines their duties, rights and obligations. This "Provider Agreement and Space Rental Agreement" is attached as "EXHIBIT A" to the Declaration of Steven Barrabee and is fully incorporated herein by reference. Throughout their relationship, SmileCare provided the employees to assist Dr. Reddy, and he provided his surgical skills to SmileCare and its patients.

### B. The underlying EEOC Complaint

The EEOC Complaint alleges that SmileCare engaged in (1) "unlawful practice of sex discrimination in violation of §703(a) of Title VII, 42 U.S.C. §2000e-2(a)(1) by subjecting the Charging Parties and other female employees to different terms and conditions of employment than male employees because of their sex, including but not limited to adverse employment actions" and (2) "unlawful employment practices in violation of §704(a) of Title VII, 42 U.S.C. §2000e-3(a) by subjecting Charging Parties to retaliation." Dr. Reddy is never mentioned in the EEOC Complaint.

### C. The Third Party Complaint

SmileCare then sued Dr. Reddy under a Third Party Complaint, alleging that the EEOC Complaint alleges that SmileCare engaged in unlawful practices "through the actions of Reddy" and that the Charging Parties were subjected "to retaliation after they expressed their opposition to sex discrimination by Reddy." SmileCare acknowledges that Dr. Reddy is an independent contractor who "was responsible for the treatment and care of patients."

The Third Party Complaint alleges three causes of action: (1) contractual indemnity/ contribution; (2) equitable indemnity/contribution; and (3) declaratory relief. SmileCare alleges contractual indemnity through three selective quotes from the Provider Agreement: (a) that Dr. Reddy agreed to conduct himself "in a professional and businesslike manner with patients and staff;" (b) that it is a material part of the Agreement that Reddy agree "to conduct himself in a supportive and professional manner;" and (c) Dr. Reddy has a legal obligation to indemnify

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 3 -

Memorandum of Points and Authorities in support of Third Party Defendant's
Motion to Dismiss Third Party Complaint pursuant to FRCP 12(b)(6)

Case No. C-07-04950 CRB

SmileCare for losses resulting from Reddy's "failure to perform any act required [in the Agreement], or as a result of performing such act in a negligent manner, and misconduct . . . ." The key and relevant portions of the Provider Agreement that SmileCare "selectively" choose to exclude, and which doom their claims for contractual indemnity, include:

> **Agreement:**
> 1.**Retainer**  : Corporation [SmileCare] hereby retains Provider [Dr. Reddy], and Provider hereby accepts this retainer to perform professional dental services for and on behalf of Corporation, . . ."
> 11.          **Relationships, Indemnification**:
> 11.01 Relationship: Nothing set forth herein shall in any way be construed to create any relationship between Corporation and Provider other than that of independent contractors.  Except as expressly set forth herein, neither party hereto shall be authorized to, nor will they act in the name of the other or bind or otherwise commit the other to any obligation.
> . . .
> 11.03 Dentist-Patient Relationships: It is agreed that as an independent contractor, Provider [Dr. Reddy] shall have the control and direction of the treatment and care of Corporation's patients referred to Provider for treatment.  Corporation shall only be responsible for scheduling and billing patients for such care.
> 11.04          Quality of Care: Provider agrees to perform the services described herein in as manner and standard comparable to or above those standards prevalent in the general community and in accordance with the Dental Practice Act of the State of California.
> 11.06 It is expressly understood and agreed that Provider specifically acknowledges that as an independent contractor, Provider is not entitled to unemployment insurance. Workman's Compensation benefits, coverage under Corporations medical insurance plan, nor any other benefits accorded to employees of Corporation. . . .
> 11.07          Indemnification: Provider hereby indemnifies Corporation and saves it harmless from and against any damages, costs, expenses or loss (including legal fees and court costs) resulting from Provider's failure to perform any act required herein, or as a result of performing such act in a negligent manner or misconduct, including failure to retain and maintain insurance coverage pursuant to terms of 11.05 herein.
> . . .
> 12.          **Patient and Employee Relationships**:
> 12.02 Auxiliary Staff: Provider authorizes Corporation to hire dental assistants, registered dental assistant and all auxiliary staff.  Provider understands that he has the right to set standards, review performance and recommend termination to personnel department in a professional and confidential manner. Provider shall train his assistants in a manner suitable to his treatment of patients, however, at no time shall Provider request an auxiliary to perform any task he or she is not licensed in California to perform, and to do so shall constitute a material breach of this Agreement."

The Provider Agreement also contains an arbitration clause.  SmileCare alleges that under the doctrine of contribution, any contributory negligence, fault and acts or omissions by Dr. Reddy should be compared along with any other person or parties.  Finally, SmileCare "seeks a judicial determination of the respective rights and duties of SmileCare and Reddy."

SmileCare never alleges any wrongdoing by Dr. Reddy.  Instead, the Third Party

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA  94939
TEL (415) 464-8888
FAX (415) 464-8887

- 4 -

Memorandum of Points and Authorities in support of Third Party Defendant's
Motion to Dismiss Third Party Complaint pursuant to FRCP 12(b)(6)

Case No.  C-07-04950 CRB

Complaint contains conclusory language and statements of indemnification without any allegations of any "triggering" behavior or conduct which allegedly breached the Provider Agreement.

### III. LEGAL ARGUMENT

#### A. THE COURT MAY DISMISS A CLAIM FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Federal Rule of Civil Procedure ("FRCP") 12(b)(6) authorizes the court to dismiss a claim for "failure to state a claim upon which relief can be granted." If after accepting the third party plaintiff's allegations as true, there exists no set of facts that the third party plaintiff can prove would entitled it to relief, then the Court appropriately may dismiss the complaint under Rule 12(b)(6). *Rutman Wine Co. v. E&J Gallo Winery,* 829 F.2d 729, 732 (9th Cir. 1987). Leave to amend should be denied when the "allegations of other facts consistent with the challenged pleading could not possibly cure the defect." *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.* 806 F.2d 1393, 1401 (9th Cir. 1986).

#### B. IMPLEADER OF A THIRD PARTY DEFENDANT IS PERMITTED SO LONG AS THE THIRD PARTY DEFENDANT MAY BECOME LIABLE FOR ALL OR PART OF PLAINTIFF'S JUDGMENT.

FRCP 14 permits a third party claim when the third party defendant "is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff," thereby requiring the third party defendant's liability to be "in some way dependent upon the outcome of the main claim." Fed. R. Civ. P. 14(a); *United States v. One 1977 Mercedes Benz,* 708 F.2d 444, 452 (9th Cir. Cal. 1983). Therefore, the rule allows impleader of a third party defendant "so long as the third-party defendant may become liable for all or part of the plaintiff's judgment." *Andrulonis v. United States,* 26 F.3d 1224, 1233 (2nd Cir. N.Y. 1994). "Federal impleader cannot, however, operate to enlarge the third-party plaintiff's right to recovery beyond that available under the controlling substantive law." *Id. Smith v. Whitmore, 270 F.2d 741, 745 (3d Cir. 1959); Brown v. Cranston, 132 F.2d 631, 633-34 (2d Cir. 1942), cert. denied, 319 U.S. 741 (1943).*

#### C. THIRD PARTY PLAINTIFF DID NOT MEET THE PLEADING REQUIREMENTS OF FRCP 14.

Federal law requires that a third party complaint met specific pleading requirements showing how the third party defendant may be liable "in some way" to the original plaintiff. There must be some possible scenario in which the third party defendant may be liable for some or all of

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 5 -

Memorandum of Points and Authorities in support of Third Party Defendant's
Motion to Dismiss Third Party Complaint pursuant to FRCP 12(b)(6)

Case No. C-07-04950 CRB

the defendant's liability to plaintiff. *Andrulonis v. United States*, 26 F.3d 1224 (2nd Cir 1994). "The Third Party Plaintiff must demonstrate an existing right of action against the third party Defendant." *Id.*; *Mortgages Inc. v. United States District Court*, 934 F.2d 209 (9th Circ. 1991).

The "Federal Rules 'do contemplate a statement of circumstances, occurrences and events in support of the claim being presented'" *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1155 (9th Cir. Cal. 1989), citing *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39, 42 (6th Cir. 1988) "Conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *Id., citing McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988) (citation omitted); see also *McCarthy v. Mayo*, 827 F.2d 1310, 1316 (9th Cir. 1987); *North Star International v. Arizona Corporation Commission*, 720 F.2d 578, 583 (9th Cir. 1983). A third party complaint is not proper where the defendant is trying to shift ALL liability to third party defendant for plaintiff's injuries. *St. Thomas v. Harrisburg*, 108 FRD 2 (MD PA 1985).

### D. DR. REDDY CANNOT BE HELD LIABLE FOR ADVERSE EMPLOYMENT ACTIONS UNDER ANY FEDERAL LAW OR EQUITABLE THEORY, AND THEREFORE THE COURT MUST DISMISS DR. REDDY AND THE THIRD PARTY COMPLAINT.

Both an employee and an Independent Contractor cannot be held liable for employment discrimination under Title VII; only an "Employer" can be held liable for this type of conduct. *Miller v. Maxwell's Intl. Inc.*, 991 F.2d 583 (9th Cir. Cal. 1993). Dr. Reddy is an "Independent Contractor" and was formerly an employee providing services to SmileCare pursuant to a Provider Agreement executed by SmileCare and Dr. Reddy. Since SmileCare is the "Employer" of the Charging Parties, only SmileCare can be held liable for the conduct alleged in the EEOC Complaint. Because no liability can be placed on Dr. Reddy, he cannot remain in the case as a Third Party Defendant. *FRCP 14*.

#### 1. Dr. Reddy Is Not an "Employer" under the Definitions of Title VII.

"Title VII limits liability to employers with 15 or more employees…in part because Congress did not want to burden small entities with the costs associated with litigating discrimination claims." *Miller v. Maxwell's Intl. Inc.*, 991 F.2d at 587. Title VII specifically defines an "Employer" as "a person engaged in an industry affecting commerce who has fifteen or

BRADLEY, CURLEY, ASIANO, BARRABEE & GALE, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 6 -

Memorandum of Points and Authorities in support of Third Party Defendant's Motion to Dismiss Third Party Complaint pursuant to FRCP 12(b)(6)

Case No. C-07-04950 CRB

more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 USC § 2000e(b). Dr. Reddy has never employed any person while working at SmileCare because Dr. Reddy is an Independent Contractor himself to SmileCare. FRCP 14, 15, 19 and the applicable case law state that in order for Dr. Reddy to remain as a Third Party Defendant, there must be "some way" in which liability might attach to Dr. Reddy. FRCP 14. He does not satisfy the definition of an "Employer" under Title VII. Since he does not satisfy the statutory definition of "Employer," no liability can attach to Dr. Reddy, and the Court must dismiss Dr. Reddy and the Third Party Complaint.

### 2. An "Independent Contractor" Cannot Be Held Liable under Title VII.

The liability scheme under Title VII was designed to "limit civil liability to the employer." 42 USC § 2000e-5g; *Miller v. Maxwell's Intl. Inc.*, 991 F.2d at 587. "This Court's ruling in *Padway* that individual defendants cannot be held liable for damages under Title VII is good law…" *Miller v. Maxwell's Intl. Inc.*, 991 F.2d at 587. Congress has determined that civil liability can only apply to Employers under Title VII. *Id.* Because Title VII and its applicable case law specifically exclude individual defendants such as employees and an Independent Contractor from any liability to third person employees for employment discrimination, Dr. Reddy cannot be liable here and cannot remain as a Third Party Defendant.

The EEOC Complaint alleges employment discrimination against SmileCare. In order for Dr. Reddy to remain as a Third Party Defendant, there must be "some way" in which liability might attach to Dr. Reddy. *FRCP 14*. Since statutory and case law precludes such liability to an Independent Contractor, the Court must dismiss Dr. Reddy and the Third Party Complaint.

### 3. The Provider Agreement specifically defines the Parties' Roles and Authorities, and Dr. Reddy Does Not Have the Authority to Make Employment Decisions.

The express contractual language in the Provider Agreement states that Dr. Reddy is an "Independent Contractor" providing dental services to SmileCare. The contract states that Dr. Reddy does not have any authority to make any employment decisions. The only "duties" placed on Dr. Reddy are to act in a professional and businesslike manner while he is providing dental services for SmileCare, and to set assistance standards when treating SmileCare patients. While

BRADLEY, CURLEY, ASIANO, BARRABEE & GALE, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 7 -

Memorandum of Points and Authorities in support of Third Party Defendant's Motion to Dismiss Third Party Complaint pursuant to FRCP 12(b)(6)

Case No. C-07-04950 CRB

Dr. Reddy may make recommendations about the performance of SmileCare's employees, he has no authority to take any actions regarding SmileCare's employees or their employment.

The Provider Agreement specifically states that Dr. Reddy does not have the right to hire or fire SmileCare employees. While Dr. Reddy can review the performances of SmileCare's employees and recommend termination if needed, Dr. Reddy's primary duty is to provide dental services to SmileCare's patients. SmileCare has the sole authority and responsibility to make employment decisions for its employees. Dr. Reddy was never involved in the hiring, firing, or scheduling of the SmileCare's employees. Dr. Reddy made recommendatiosn to the Smile Care personnel as to whether he wanted to work with someone. His employment role was consistent with a supervisor of employees who can make recommendations as to whether an employee should work with him but could not make employment decisions.

In order for Dr. Reddy to remain as a Third Party Defendant, there must be "some way" in which liability might attach to Dr. Reddy. *FRCP 14*. Since the contractual language itself prohibits Dr. Reddy from taking any employment actions against SmileCare's employees and SmileCare has not alleged facts or basis for indemnity, he cannot be held liable under the express language of the contract, and the Court must dismiss Dr. Reddy and the Third Party Complaint.

### 4. Even If the Court Were to Find That Dr. Reddy Is a Supervisor or Fellow Employee, an Individual Cannot Be Held Liable under Title Vii.

As stated above, a non-employer individual cannot be held liable under Title VII. *Miller v. Maxwell's Intl. Inc.*, 991 F.2d at 587. No Federal statutory or case law attributes liability to Dr. Reddy under the allegations in the EEOC Complaint. In order for Dr. Reddy to remain as a Third Party Defendant, there must be "some way" in which liability might attach to Dr. Reddy. *FRCP 14*. Since Federal statutory and case law precludes an individual defendant from liability under Title VII, even if Dr. Reddy is found to be a supervisor or fellow "employee" of SmileCare, he has no liability under Title VII, and the Court must dismiss Dr. Reddy and the Third Party Complaint.

### E. THERE IS NO CONTRACTUAL CLAUSE IN THE PROVIDER AGREEMENT ALLOWING SMILECARE TO RECEIVE THE TYPE AND SCOPE OF CONTRACTUAL INDEMNITY THEY ARE NOW SEEKING, REQUIRING THE COURT TO DISMISS DR. REDDY AND THE THIRD PARTY COMPLAINT.

BRADLEY, CURLEY, ASIANO, BARRABEE & GALE, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 8 -

Memorandum of Points and Authorities in support of Third Party Defendant's Motion to Dismiss Third Party Complaint pursuant to FRCP 12(b)(6)

Case No. C-07-04950 CRB

The EEOC Complaint involves current employees of SmileCare, not of Dr. Reddy. The Charging Parties allege Title VII employment discrimination against SmileCare, not Dr. Reddy. There is no contractual clause in the Provider Agreement allowing SmileCare to seek the type of indemnity that SmileCare now requests. Public policy also prevents the type of "liability shifting" that SmileCare is attempting to do now, even if a contract clause existed in the Provider Agreement encompassing SmileCare's request. Because Dr. Reddy did not have the authority to make any employment decisions or take any adverse employment action against the Charging Parties, the contractual indemnity clause is not applicable here.

The Provider Agreement actually limits Dr. Reddy's involvement in the employment of SmileCare employees to setting work standards, reviewing their performances and if needed, recommending termination to SmileCare personnel. Further the indemnification language of the Agreement specifically refers to Dr. Reddy's performance of required duties. The Agreement specifically defines that Dr. Reddy's required acts involve the performance of professional dental services, not employee human resources relations. The indemnity agreement requires indemnification if Dr. Reddy acted negligently. There are no facts alleged in the complaint by the EEOC or the Third Party Complaint setting forth facts supporting negligent conduct by Dr. Reddy.

Similarly Smile Care claims that a violation of the Provider Agreement may also create the duty to indemnify. They then site two sections of the Indemnity Agreement which they claim establishes liability. These provisions are that Dr. Reddy agreed to conduct himself "in a professional and businesslike manner with patients and staff;" and that Reddy agreed "to conduct himself in a supportive and professional manner." Smile Care has failed to allege any facts that support the claim that Reddy did not act in a professional, businesslike or supportive manner leading to the EEOC claims of Sex Discrimination. The EEOC makes no mention of Dr. Reddy whatsoever. Therefore the Third Party complaint contains none of the requisite facts to support any entitlement to indemnity and has not met the pleading requirements of FRCP 14.

Assuming that Smile Care can overcome the legal hurdle that Dr. Reddy is not a proper party to be liable for Sex Discrimination under Title VII, the Third Party Complaint fails to state any facts to put Dr. Reddy on notice of any actions he took that require indemnification. In the

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 9 -

Memorandum of Points and Authorities in support of Third Party Defendant's
Motion to Dismiss Third Party Complaint pursuant to FRCP 12(b)(6)

Case No. C-07-04950 CRB

absence of such facts Smile Care has not provided specific allegations to support their entitlement to Contractual Indemnity.

### F. EQUITABLE INDEMNITY DOES NOT APPLY BECAUSE DR. REDDY CANNOT BE HELD LIABLE UNDER ANY LEGAL OR EQUITABLE THEORY FOR THE ALLEGATIONS OF THE COMPLAINT, SO THE COURT MUST DISMISS DR. REDDY AND THE THIRD PARTY COMPLAINT.

Because Dr. Reddy cannot be held liable under Title VII, and because Dr. Reddy cannot be held liable for contractual indemnity, there is no legal cause remaining for SmileCare against Dr. Reddy. Because no legal grounds exist, the only possible remaining theory for SmileCare against Dr. Reddy is a theory of "equitable indemnity."

The EEOC Complaint involves current employees of SmileCare, not of Dr. Reddy. The Charging Parties allege Title VII employment discrimination against SmileCare, not Dr. Reddy. There is no contractual clause in the Provider Agreement allowing SmileCare to seek the type of indemnity that SmileCare requests now. Dr. Reddy could not take an adverse employment action against Charging Parties or any women employees of SmileCare because, under the terms of Provider Agreement, he did not have that specific authority. Further SmileCare has failed to plead any circumstances, occurrences or events which would support any theory of liability. In addition, SmileCare has failed to plead any basis in equity which would support any theory of liability. Equitable Indemnity is not an applicable theory to support liability for Dr. Reddy under Title VII.

## IV. CONCLUSION

For all of the foregoing reasons and any other reasons the Court deems just, legal and equitable, Third Party Defendant Dr. Reddy respectfully requests that this Court dismiss SmileCare's Third Party Complaint with prejudice.

Dated: May 7, 2008                          Respectfully submitted,

                                            BRADLEY, CURLEY, ASIANO,
                                            BARRABEE & GALE, P.C.

                                            By: /s/ Meghan Oliveri
                                            MEGHAN E. OLIVERI, ESQ.
                                            Attorney for Third Party Defendant
                                            Raju Reddy, D.D.S., M.D.

F:\DOCS\Reddy\7453\P\12b6 P&A.wpd

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 10 -

Memorandum of Points and Authorities in support of Third Party Defendant's
Motion to Dismiss Third Party Complaint pursuant to FRCP 12(b)(6)

Case No. C-07-04950 CRB