ARTHUR W. CURLEY, BAR NO. 60902
STEVEN BARRABEE, BAR NO. 110201
MEGHAN E. OLIVERI, BAR NO. 236107
BRADLEY, CURLEY, ASIANO,
BARRABEE & GALE, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, California 94939
Telephone: (415) 464-8888
Facsimile: (415) 464-8887
Email: sbarrabee@professionals-law.com
       moliveri@professionals-law.com

Attorneys for Third Party Defendant
RAJU REDDY, D.D.S., M.D., erroneously sued
herein as BAJU REDDY, M.D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>COMMUNITY DENTAL SERVICES, INC., dba SMILECARE,<br><br>Defendant.<br>_____<br>COMMUNITY DENTAL SERVICES, INC., DBA SMILECARE,<br><br>Third Party Plaintiff,<br><br>v.<br><br>BAJU REDDY, M.D.<br><br>Third Party Defendant. | No. **C-07-04950 CRB**<br><br>**DECLARATION OF STEVEN BARRABEE IN SUPPORT OF THIRD PARTY DEFENDANT'S MOTION TO DISMISS THIRD PARTY COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(6)]**<br><br>Hearing Date:  June 20, 2008<br>Hearing Time:  10:00 a.m.<br>Courtroom:    Courtroom 8, 19th Floor<br>Judge:        Hon. Charles R. Breyer |

I, Steven Barrabee, do hereby declare:

1. I am a licensed California attorney and a member of the law firm of Bradley, Curley, Asiano, Barrabee & Gale, P.C., attorneys of record for Third Party Defendant Raju Reddy, D.D.S.. M.D., erroneously sued herein as BAJU REDDY, M.D. ("Dr. Reddy") in this case. I have personal knowledge of the facts stated in this declaration and, if called upon to do so, I could and

- 1 -

Declaration of Steven Barrabee in support of Third Party Defendant's
Motion to Dismiss Third Party Complaint Pursuant to FRCP 12(b)(6)

Case No. **C-07-04950 CRB**

1  would testify competently thereto.

2  2.     Attached as Exhibit A and incorporated herein by this reference is a true and correct copy of the Provider Agreement entered into between COMMUNITY DENTAL SERVICES, INC., DBA SMILECARE ("SmileCare") and Dr. Reddy.

3.     On May 6, 2007 this declarant spoke with Mr. Jeffrey Katz counsel for SmileCare to meet and confer pertaining to the Third Party Complaint. We discussed that Title VII only applies to Employers, not employees or independent contractors and that Dr. Reddy was an inappropriate party under this Title VII claim. We discussed that Dr. Reddy did not have the power to fire personnel only suggest that personnel don't work with him and that SmileCare controlled issues of termination of employment, benefits and salaries, not Dr. Reddy. Mr. Katz insisted that Dr. Reddy's action were the basis of the EEOC claim. He believed that in some way Dr. Reddy is responsible for this claim and therefore should indemnify SmileCare, but admits that the EEOC has provided little information concerning the claim. We discussed that we planned to file a Rule 12(b)(6) motion and he suggested that we file the 12(b)(6) motion to allow him to evaluate our position.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of May, 2008, in Larkspur, California.

_____
STEVEN BARRABEE

F:\DOCS\Reddy\7453\P\12b6 dec.wpd

F:\DOCS\Reddy\7453\P\12b6 dec.wpd

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 2 -

Declaration of Steven Barrabee in support of Third Party Defendant's
Motion to Dismiss Third Party Complaint Pursuant to FRCP 12(b)(6)

Case No. C-07-04950 CRB

**EXHIBIT A**

ORAL SURGEON
Rev 8/03

# PROVIDER AGREEMENT AND SPACE RENTAL AGREEMENT

This Professional Provider agreement is made effective on the date set forth in Paragraph 16 hereof, by and between Community Dental Services, dba SmileCare Dental Group, (referred to herein as "Corporation"), and the undersigned licensed dentist (referred to herein as "Provider").

## RECITALS:

A. Corporation is a Knox-Keene Corporation, duly licensed in the State of California.

B. Provider is duly and currently licensed to practice dentistry in the State of California and is certified in the specialty of Oral Surgery. Provider's license number is set forth below.

C. Corporation agrees to utilize Provider's services and Provider desires to provide professional services to Corporation on the terms and conditions set forth herein.

## AGREEMENT:

In consideration of the mutual terms, covenants and conditions set forth herein, Corporation and Provider agree as follows:

1. **Retainer:** Corporation hereby retains Provider, and Provider hereby accepts this retainer to perform professional dental services for and on behalf of Corporation, on the terms and conditions set forth herein.

2. **Standard of Care:** It is expressly understood and agreed by the parties hereto that Provider is engaged herein as an independent contractor and that Corporation or any of their agents or employees shall not have nor exercise any control or direction over the manner or method by which Provider performs original or follow-up care and professional services hereunder. Provider hereby represents and warrants that he is knowledgeable of the currently approved methods and practice in the dental field and hereby agrees that during the term of this Agreement he shall render professional services in strict compliance with currently approved methods and practice in the dental field.

3. **Scheduling of Professional Services:** During the term hereof, Corporation will refer patients to Provider and Provider shall treat and care for these patients. Provider agrees to provide these services only at Corporation's locations set forth below. The scheduling of the patient services that are to be rendered by Provider shall be scheduled in accordance with the schedule set forth on Exhibit A attached hereto and incorporated herein by reference.

Initials Provider: _____    Initials Corporation: _____

4. **Compensation:** Provider's compensation for the services rendered pursuant to this Agreement shall be as set forth in Exhibit B attached hereto.

5. **Rent:** Provider agrees to pay Corporation rental amount as stipulated in Exhibit B for use of facilities and dental equipment. Provider further agrees said amount will be deducted from gross compensation.

6. **Auxiliary Wage Reimbursement:** Provider agrees to reimburse Corporation for wages paid to Provider's assistants as stipulated in Exhibit B. Provider further agrees said amount will be deducted from gross compensation.

7. **Supplies:** Provider agrees to reimburse Corporation for any supplies utilized. Provider further agrees said amount will be deducted from gross compensation.

8. **Lab Fees:**

8.01 Provider agrees to reimburse Corporation for any lab fees. Provider further agrees said amount will be deducted from gross compensation.

8.02 Any additional laboratory charges incurred by doctor error shall be deducted from next or final compensation. Final compensation will be held for 30 days for identification and computation of any amounts due hereunder.

9. **Fees, Billing and Records:**

9.01 Fees: The initial, general fee schedule for the services to be provided by Provider are those filed by Corporation with state and other dental fee regulatory agencies. Providers shall not quote, contract for, or otherwise advise patients of fees for services to be rendered, unless such quotes, contract or advice is approved in advance in writing by Corporation or is in accordance with the written policies of Corporation.

9.02 Billing: It is expressly understood that all fees for treatment rendered by Provider from the practice of dentistry in Corporation's facilities shall be billed to and collected from patients by Corporation and are the property of Corporation. Provider agrees to cooperate in all ways to assist Corporation in collecting said fees for patient treatments and authorizes Corporation to submit claims for services rendered in Provider's name and provider hereby grants signatory for this purpose as may be required. Provider agrees to forward to Corporation any and all checks sent to Provider for services performed pursuant to this contract. If Provider fails to do so, he agrees to be responsible not only for replacement of misappropriated funds, but all legal and accounting fees as well, incurred as a result of this breach.

9.03 Commencement of Treatment: Provider agrees that no treatment of any of Corporation's patients will be commenced without such patient (or such patient's guardian or parent) first completing and signing a patient health history, treatment authorization form, and a fee agreement, countersigned by an authorized representative of Corporation.

Initials Provider: _____      Initials Corporation: _____

2

9.04 Records: Provider acknowledges and agrees that all of Corporation's patient records, charts and files are the property of Corporation, and that they shall not be removed from the custody and control of Corporation, and/or copied without the express written consent of Corporation.

9.05 Provider agrees to be liable for integrity of his work for the reasonable life of the dental care, and in all cases, not less than one (1) year.

9.06 Hold Harmless: In the event Corporation fails to pay Provider for any or all health care services, the subscriber or patient enrollee shall not be liable to the Provider for any sums owed by the Corporation. Nothing herein shall in anyway modify this agreement as it relates to Corporation and Provider.

10. **Equipment and Facilities:** Corporation shall provide Provider with such facilities, dental chairs, and dental equipment as may be reasonably required to perform the services described herein, unless otherwise expressly provided herein. Provider must provide any specialized instruments and/or equipment as he may deem necessary to provide treatment.

11. **Relationships, Indemnification:**

11.01 Relationship: Nothing set forth herein shall in any way be construed to create any relationship between Corporation and Provider other than that of independent contractors. Except as expressly set forth herein, neither party hereto shall be authorized to, nor will they act in the name of the other or bind or otherwise commit the other to any obligation.

11.02 Filing: Provider shall have no interest in the business of Corporation, nor shall Provider be entitled to any remuneration or benefits from Corporation, except as expressly set forth herein. Provider acknowledges that all compensation paid to Provider shall be reported to appropriate taxing authorities as income received for contracted services as an independent contractor. Provider further agrees to indemnify Corporation for all costs and damages including legal fees incurred by Corporation for failing to so report.

11.03 Dentist-Patient Relationships: It is agreed that as an independent contractor, Provider shall have the control and direction of the treatment and care of Corporation's patients referred to Provider for treatment. Corporation shall only be responsible for scheduling and billing patients for such care.

11.04 Quality of Care: Provider agrees to perform the services described herein in a manner and standard comparable to or above those standards prevalent in the general community and in accordance with the Dental Practice Act of the State of California.

Initials Provider: _____   Initials Corporation: _____

3

11.05 Insurance: It is expressly understood and agreed that Provider is responsible solely for any acts of malpractice that he may commit during the term of this Provider Agreement. It is understood and further agreed that Provider shall carry that degree of malpractice insurance that he feels prudent, so long as this shall not fall below those minimum requirements set by Corporation and outlined herein in 16.05. Provider's insurance policy shall name Corporation as an additional insured. Provider shall provide Corporation a current Certificate of Insurance consistent with the requirements of this Agreement. Provider expressly accepts total responsibility, for any and all damages that might be assessed against him for any malpractice committed during the term of this Agreement and agrees to indemnify Corporation, it's shareholders and officers for any costs or damages incurred, including legal fees, as a result of Provider treatment of any patient. Provider agrees to remain covered by malpractice insurance throughout the term of this Agreement. In the case of Provider carrying insurance referred to commonly as "claims made", Provider agrees to continue coverage and/or purchase a "tail" on coverage to cover any acts of contended malpractice not reported by patient but occurring during term of this Agreement.

11.06 It is expressly understood and agreed that Provider specifically acknowledges that as an independent contractor, Provider is not entitled to unemployment insurance, Workman's Compensation benefits, coverage under Corporation's medical insurance plan, nor any other benefits accorded to employees of Corporation. Provider confirms that he currently carries and will maintain appropriate Workman's Compensation coverage.

11.07 Indemnification: Provider hereby indemnifies Corporation and saves it harmless from and against any damages, costs, expenses or loss (including legal fees and court costs) resulting from Provider's failure to perform any act required herein, or as a result of performing such act in a negligent manner and misconduct, including failure to retain and maintain insurance coverage pursuant to terms of 11.05 herein.

11.08 At all times, Provider agrees to conduct himself in a professional and businesslike manner with patients and staff alike. As well, Provider agrees to instruct any assistants he may provide to act in the same manner.

11.09 It is expressly understood that memorandum or written documents from Corporation or any officers or employees are advisory only and not intended to interfere with or override Provider judgement or treatment of a specific patient. It is expressly agreed that the usage of office forms is not to be deemed as an attempt to override Provider judgement or treatment of a specific patient.

12. **Patient and Employee Relationships:**

12.01 Patient List: Provider acknowledges that Corporation's patient lists are of a confidential nature, and may be made available to Provider because of the trust placed in Provider and as required to enable Provider to perform the services described herein. Provider agrees not to use or divulge any information relating to patients, copy such records, or to independently solicit patients, without the express written authorization of Corporation.

Initials Provider: _____    Initials Corporation: _____

12.02 Auxiliary Staff: Provider authorizes Corporation to hire dental assistants, registered dental assistants and all auxiliary staff. Provider understands he has the right to set standards, review performance and recommend termination to personnel department in a professional and confidential manner. Provider shall train his assistants in a manner suitable to his treatment of patients, however, at no time shall Provider request an auxiliary to perform any task he or she is not licensed in California to perform, and to do so shall constitute a material breach of this Agreement.

## 13. Term, Termination, Liquidated Damages:

13.01 Term: The term of this Agreement shall be for one (1) year and begin from the date set forth in Paragraph 16.01. It shall continue on a year to year basis unless terminated by either party pursuant to Section 13.02.

13.02 Termination by Provider: In the event Provider elects to terminate this Agreement, Provider shall give Corporation at least thirty (30) days written notice of Provider's intent to terminate. Provider acknowledges that the 30 days would allow the Corporation an opportunity to obtain a replacement for Provider, so as to allow for a smooth transition of patient care on a continuing basis.

13.03 Liquidation Damages: It is agreed that in the event that Provider shall fail to give Corporation at least 30 days prior written notice of his intention to terminate this Agreement, it would be impractical or extremely difficult to fix the actual damage and the Corporation's economic loss, and therefore, Provider agrees that on his breach of the notice requirement, he will pay to Corporation as liquidated damages, and not as a penalty, the sum of $200.00 for each day less the 30 days notice of termination, not to exceed $6,000 which sum represents a reasonable compensation for the loss incurred by breach.

13.04 Termination by Corporation: It is agreed that Corporation may, with or without cause, immediately terminate this Agreement by delivery of written notice to Provider. Notwithstanding such termination, Provider agrees to cooperate with Corporation and use Provider's best efforts to assist in the orderly transition of patients and continuity of their care. Further, at Corporation's election, Provider agrees to complete any treatment in progress at the time of such termination.

## 14. Covenant Not to Compete:

14.01 Non-competition During Term of Agreement: During the term of this Agreement, Provider shall not, directly or indirectly, either as an employee, employer, consultant, agent, principal, partner, stockholder, corporate officer, director, or any other individual or representative capacity, engage or participate in any business that is in competition in any manner whatsoever with the business of Corporation.

Initials Provider: _____    Initials Corporation: _____

5

14.02  Unfair Competition After Termination of Agreement: Provider acknowledges and agrees that the use or disclosure of any of Corporation's trade secrets obtained by Provider during the term of this Agreement, including but not limited to information concerning marketed accounts, employee lists and the like, constitutes unfair competition with Corporation, either during the term of this Agreement or at any time thereafter.

14.03  Soliciting Patients After Termination of Agreement: Provider acknowledges and agrees that the names and addresses of Corporation's patients constitute trade secrets of Corporation and that the unauthorized use or disclosure of any of Corporation's trade secrets obtained by Provider during the term of this Agreement constitutes unfair competition. Provider promises and agrees not to engage in any unfair competition with Corporation.

14.04  Provider agrees not to solicit nor attempt to spirit away any employees of Corporation should this agreement be terminated for any reason whatsoever, nor to attempt to solicit any employees who might be in the employ of Corporation at the time of the termination of this agreement, or at any time thereafter.

14.05  During the term of this agreement, and for a period of one year after termination of the agreement, provider agrees to not practice dentistry within a three mile radius of any SmileCare dental facility that Provider has practiced in.

15.  **General:**

15.01  Provider may not assign this Agreement or any of Provider's rights or obligations hereunder, without the prior written consent of Corporation.

15.02  As a material part of this Agreement, it is expressly understood that Corporation highly values its reputation in the community and Provider agrees to conduct himself in a supportive and professional manner cognizant of smooth patient and employee relations. Provider authorizes the use of his name on professional rosters, Provider lists and the like.

15.03  The waiver by either party of a breach of any one or more of the provisions of this Agreement shall not be construed to be a waiver of any subsequent or other breach of any of the provisions of this Agreement, or of any other covenant or condition set forth herein, nor shall compliance with any of the covenants or conditions set forth herein be construed as, in any manner, changing the terms hereof or preclude the other party from enforcing all the provisions hereof.

15.04  The validity, interpretation and performance of this Agreement shall be controlled by, and construed under the laws of the State of California. In the event any provision of this Agreement is hereafter adjudged to be, for any reason, invalid or unenforceable, the remaining provisions of the Agreement shall remain in full force and effect.

Initials Provider: _____    Initials Corporation: _____

6

15.05  The captions set forth herein are for convenience only and shall have no effect upon the construction or interpretation of any part or portion of this Agreement.

15.06  This Agreement contains the entire Agreement of the parties concerning the subject matter hereof. All modifications and amendments hereto must be in writing.

15.07  All claims, disputes or questions of interpretation arising out of or relating to this Agreement shall be decided by arbitration in accordance with the rules of the American Arbitration Association in effect at the time of such claim, dispute or question of interpretation. This Agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. Each party shall bear their cost of this mutually binding arbitration including arbitration fees for hearing this matter. The award rendered by the arbitrators shall be final, and the judgement may be entered upon it in accordance with the laws of the State of California. Notice of arbitration shall be given in writing, and shall specify the nature of the claim, dispute or question of interpretation, and the position with respect thereto taken by the party giving notice. In no event may a party request arbitration after the date on which institution of legal proceedings would be barred by the statue of limitations applicable to the claim, dispute or question on interpretation.

15.08  For purposes of this Agreement, the masculine shall be deemed the masculine, feminine or neuter gender.

15.09  Provider clearly understands that the business phone is not for personal telephone calls, and any personal calls that the Provider might find necessary to make from the office phone, even if local, must be billed to Provider's own phone.

15.10  Provider agrees herein to disclose any and all lawsuits or threatened litigation currently filed, pending, or resolved since his licensure to practice.

| Action | Date of Filing | Resolution | Court |
|--------|----------------|------------|-------|
| Action | Date of Filing | Resolution | Court |
| Action | Date of Filing | Resolution | Court |

15.11  Ongoing Duty of Disclosure:  Should any litigation or disciplinary action by State Board be threatened or filed, Provider agrees to notify Corporation in writing within ten (10) days of notification.

Initials Provider: _____    Initials Corporation: _____

7

15.12 Notices: Any notice, payment, demand or communication required or permitted to be given hereunder must be in writing and shall be deemed to have been given or served for all purposes if delivered personally, or two (2) business days after deposit in the United States mail, registered or certified, postage and charges prepaid, addressed to the person to be notified at the applicable address specified below. Any party may change his address for purposes of notice by a writing sent to the other parties in accordance with this Paragraph 15.12.

To Provider: (Name) _BATU BERRY DDS, MD_

Address: _1457 MIRAMONTE AVE._

City, State, Zip: _LOS ALTOS, CA 94024_

Telephone: _650-428-0699 (c) 650-387-6517_

To Corporation: SmileCare Dental Group
3501 West Sunflower Avenue Suite 110
Santa Ana, CA 92704

Attn: Dental Director

16.  **Other Matters:** The following provisions of this agreement have been mutually agreed upon by the parties:

16.01 Effective Date of Agreement: _2-16-04_

16.02 Date Service to Commence: _2-21-04_

16.03 Provider's License Number: _OMS 46_

16.04 Tax I.D. Number: _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_

16.05 DEA Number: _BR7986675_

16.06 Malpractice Insurance: Provider and all Provider's assistants shall carry malpractice insurance in such amounts as may be required by Corporation from time to time. Current minimum requirements are set at $1,000,000/$3,000,000 for specialists.

Initials Provider: _BB_     Initials Corporation: _/A_

8

16.07 Provider shall provide evidence of such insurance prior to commencement of care attached herewith or in any event prior to commencement of care.

In witness whereof, the parties hereto have made this Agreement effective on this date set forth above.

"Corporation"                                           "Provider"

Community Dental Services

By: _____                             By: _____

Date: _____2/24/04_____                           Date: _____2-16-04_____

Initials Corporation: _____                   Initials Provider: _____

9

EXHIBIT A.

So that we may schedule patients appropriately, please list below the days and hours you are available to provide service.

## TIME AVAILABLE

| Day | Time | |
|---|---|---|
| Monday | From: | To: |
| Tuesday | From: 8 a.m | To: 6 P.M |
| Wednesday | From: | To: |
| Thursday | From: 8 am | To: 6 P.M - |
| Friday | From: | To: |
| Saturday | From: 8 am | To: 6 P.M. |

By: _____ MS, MD    Date: 2-16-04
       Provider Signature

Initials Provider: _____   Initials Corporation: _____

10