WILLIAM R. TAMAYO - #084965 (CA)
JONATHAN T. PECK - #12303 (VA)
SANYA HILL MAXION - #18731 (WA)
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105
Telephone No. (415) 625-5650
Fax No. (415) 625-5657
E-mail:  sanya.hill@eeoc.gov

ARTHUR W. CURLEY, SBN 60902
STEVEN BARRABEE, SBN 110201
MEGHAN E. OLIVERI, SBN 236107
BRADLEY, CURLEY, ASIANO,
BARRABEE & GALE, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, California 94939
Telephone: (415) 464-8888
Facsimile: (415) 464-8887
E-mail: sbarrabee@professionals-law.com
moliveri@professionals-law.com

Attorneys for Plaintiff

Attorneys for Third Party Defendant
 RAJU REDDY, D.D.S., M.D.,
 erroneously sued as BAJU REDDY, M.D.

ANDREW L. SATENBERG –SBN#174840
NOEL S. COHEN-SBN#219645
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224
E-mail:  asatenberg@manatt.com
        ncohen@manatt.com

JEFFREY KATZ –SBN #137246
COMMUNITY DENTAL SERVICES, INC. DBA
SMILECARE
2 Macarthur Place, Suite 700
South Coast Metro, CA 92707-7705
Telephone: (714) 708-5348
Facsimile: (714) 850-3350
E-mail:  jkatz@smilecare.com

Attorneys for Defendant and Third Party Plaintiff
Community Dental Services, Inc., dba SmileCare

UNITED STATES DISTRICT COURT

NORTHERN  DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY )<br>COMMISSION,                      )<br>                                )<br>              Plaintiff,         )<br>                                )<br>v.                              )<br>                                )<br>COMMUNITY DENTAL SERVICES,      )<br>INC.,  dba SMILECARE,           )<br>                                )<br>                                )<br>              Defendant.         )<br>_____)  | Case No. C-07-4950-CRB<br><br><br>FIRST AMENDED JOINT CASE<br>MANAGEMENT STATEMENT AND<br>PROPOSED ORDER<br><br> DATE:   Friday, May 30, 2008<br>TIME:    8:30 a.m.<br>PLACE: Courtroom 8, 19th Floor |

The parties jointly submit this First Amended Case Management Statement and Proposed Order. The parties make the following representations and recommendations:

## I.   JURISDICTION AND SERVICE

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-(f)(1) and (3)("Title VII") and 102 of the Civil Rights Act of 1991, 42 U.S. C. §1981a.

## II.   FACTS

### A.   A Brief Description Of The Events Underlying The Action

#### 1.   Plaintiff's Description Of The Case

The EEOC filed this action pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief, if any, to Nicole Rooney, Bethany Sanders, and similarly situated women, who were adversely affected by such practices. Plaintiff EEOC alleges that Defendant Community Dental Services, Inc., dba Smilecare ("Defendant"), a dental network with 60 locations in California, Nevada and Texas, subjected Ms. Rooney and Ms. Sanders and at least one other woman, Brie Melsan, to unlawful discrimination based on their sex, when it demoted the female employees from their jobs as Oral Surgeon Assistants because of their gender, and to unlawful retaliation after they complained about the unlawful discriminatory conduct of the Chief Oral Surgeon, Raju Reddy, under whom they worked in Northern California.

Chronologically, the events began in 2004, when Ms. Sanders, Ms. Rooney and Ms. Melsan began working under Dr. Reddy. The EEOC alleges that, shortly after they began working for Dr. Reddy, he started exhibiting gender bias by treating the women in a boorish, rude, dismissive, offensive and sexually derogatory manner. The EEOC alleges that Dr. Reddy's conduct included, but was not limited to, frequently commenting about the bodies of the Oral Surgery Assistants and of his female patients while they were under anesthesia. The male surgeon assistants, on the other hand, were treated respectfully.

2

The EEOC also alleges that, after the women complained about the conduct of Dr. Reddy to management, rather than investigating the allegations, the company demoted the women from their Oral Surgeon Assistant positions to other less lucrative positions in the company due to their sex and because of their complaints about his disrespectful and demeaning conduct. Ms. Sanders was demoted in March 2005. Ms. Rooney was demoted in April 2005. Ms. Melsan was demoted in September 2004.

Contrary to Third Party Defendant's assertions, Dr. Reddy's alleged use of sexually derogatory terms is not currently being raised by the EEOC in bad faith or to support a sexual harassment or hostile work environment claim. Rather, it is currently being used as evidence of gender bias in support of its disparate treatment claim based on sex.

In addition, Dr. Reddy's use of the sexually derogatory terms is germane to the EEOC's retaliation claim. As discussed above, the EEOC alleges that, after Ms. Sanders, Ms. Roonery and Ms. Melsan complained of Dr. Reddy's comments, which included the sexually derogatory remarks, Defendant retaliated against them.

## 2. Defendant's Description Of The Case

Defendant and Third Party Plaintiff Community Dental Services, Inc., dba SmileCare ("SmileCare") denies all allegations of wrongdoing and submits that all employment decisions were appropriate and made for a business related purpose. To the extent the Charging Parties have been damaged as alleged, SmileCare is contractually and equitably entitled to be held harmless and indemnified by Third Party Defendant, Dr. Baju Reddy, an independent contractor for SmileCare.

## 3. Third Party Defendant's Description of the Case

As explained fully in Third Party Defendant RAJU REDDY, D.D.S., M.D.'s, (erroneously sued as BAJU REDDY, M.D. (hereinafter "Dr. Reddy"), Motion to Dismiss, there are no facts or legal theories alleged in either the EEOC Complaint or SmileCare's Third Party Complaint, which can impose liability on Dr. Reddy.

In response to the Motion to Dismiss, the EEOC has alleged for the first time in this CMC Statement new and very different claims of alleged "hostile work environment" and sexual

3

FIRST AMENDED JOINT CASE MANAGEMENT STATEMENT
AND PROPOSED ORDER, CASE NO. C-07-4950-CRB

harassment.  Such claims were not alleged in the underlying administrative charges, the EEOC

Complaint in this action and appear to be sham allegations belatedly raised in a bad faith attempt to

impute liability on Dr. Reddy where none otherwise exists.  Dr. Reddy disputes these new

allegations and requests that the Court exclude them, as they were not plead in either the Complaint

 or administrative charges and appear to have been included in bad faith.

## III.   LEGAL ISSUES

> 1.    Whether Defendant engaged in unlawful employment practices in violation of Title
>        VII of the Civil Rights Act of 1964 by subjecting Ms. Rooney and Ms. Sanders and
>        other women, to unlawful discrimination based on their sex.
>
> 2.    Whether Defendant engaged in unlawful employment practices in violation of Title
>        VII of the Civil Rights Act of 1964 by subjecting Ms. Rooney and Ms. Sanders and
>        other women, to unlawful retaliation after they expressed their opposition to the
>        unlawful discrimination.
>
> 3.    Whether Ms. Rooney and Ms. Sanders failed to utilize internal complaint
>        procedures.
>
> 4.     Whether Ms. Rooney and Ms. Sanders and other women suffered economic loss
>        because of the acts alleged in the Complaint;
>
> 5.    Whether Ms. Rooney and Ms. Sanders and other women suffered emotional distress
>        or pain and suffering as a result of the acts alleged in the Complaint;
>
> 6.    Whether Ms. Rooney and Ms. Sanders and other women is entitled to any punitive
>        damages.
>
> 7.    Whether Dr. Reddy is obligated to contractually or equitably indemnify and/or pay
>        contribution if SmileCare incurs any damages, costs or expenses as a result of any
>        damages or other awards that Plaintiff may recover against SmileCare.
>
> 8.    Who was the "employer" of Ms. Rooney and Ms. Sanders.

FIRST AMENDED JOINT CASE MANAGEMENT STATEMENT
AND PROPOSED ORDER, CASE NO. C-07-4950-CRB

## IV.    MOTIONS

### A.    Prior And Pending Motions

On May 7, 2008, Third Party Defendant, Raju Reddy, M.D., filed a Notice of Motion and Motion to Dismiss the Third Party Complaint for Failure to State a Claim Upon Which Relief Can Be Granted pursuant to Fed. R. Civ. P. 12(b)(6).  The hearing has been noticed for June 20, 2008 at 10:00 a.m.

### B.    Plaintiff's Anticipated Motions

Plaintiff does not anticipate filing a motion for summary judgment, but reserves the right to do so if it is later deemed appropriate.

### C.    Defendant's Anticipated Motions

SmileCare may file a motion for summary judgment, and reserves the right to do so.

### D.    Third Party Defendant's Anticipated Motions

Dr. Reddy may file a motion for summary judgment, and reserves the right to do so.

## V.    AMENDMENT OF PLEADINGS

The EEOC reserves the right to seek amendment of the pleadings should it become necessary to do so.

## VI.    EVIDENCE PRESERVATION

### A.    Plaintiff's Actions

Plaintiff has preserved the EEOC's administrative file.

### B.    Defendant's Actions

SmileCare has taken necessary steps to preserve all potentially discoverable materials, including those in electronic form.

### C.    Third Party Defendant's Actions

Due to his just recent addition to this case, Dr. Reddy is in the process of taking all necessary steps to preserve all potentially discoverable materials, including those in electronic form, within his possession, custody or control.

5

## VII.    DISCLOSURES

Plaintiff and Defendant submitted their initial disclosures under Federal Rule of Civil Procedure 26 on or before April 10, 2008.

## VIII.   DISCOVERY

### A.    Plaintiff's Discovery

Plaintiff has not yet begun discovery in this action.  Plaintiff intends to pursue the following methods of discovery: interrogatories, document requests, requests for admissions, and depositions. Plaintiff has not yet determined which individuals it will depose.  Plaintiff may also seek a Rule 34 inspection of premises.

### B.    Defendant's Discovery

SmileCare has not yet begun discovery in this action.  SmileCare intends to pursue the following methods of discovery: interrogatories, document requests, requests for admissions, and depositions. At this time, SmileCare intends to depose Dr. Reddy, Ms. Rooney, Ms. Melsan and Ms. Sanders. SmileCare reserves the right to take additional depositions if deemed necessary.

### C.    Third Party Defendant's Discovery

Due to his just recent addition to this case, Dr. Reddy has not yet begun discovery in this action.  Dr. Reddy intends to pursue all the following methods of discovery: interrogatories, document requests, requests for admission and depositions.  At this time, Dr. Reddy intends to depose Ms. Rooney, Ms. Sanders, Ms. Melson, Ms. Lauren Gurnicki and others to be determined after the allegations against Dr. Reddy in this case are properly clarified.

## IX.    CLASS ACTIONS

Although this case does involve more than one claimant, this case is not a Fed. R. Civ. P. 23 class action.

## X.    RELATED CASES

There are no related cases.

6

**XI.    RELIEF**

    **A.    Plaintiff's Position**

Plaintiff will seek the full panoply of damages available under the Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, including but not limited to back wages, compensatory and punitive damages, injunctive relief and any other affirmative relief necessary to eradicate the effects of the alleged unlawful practices. As Smilecare employs more than 900 employees companywide, the statutory limit on compensatory and punitive damages is $300,000 per victim.

    **B.    Defendant's Position**

SmileCare submits that Plaintiff is not entitled to any damages, let alone an award of punitive damages. As to Plaintiff, SmileCare seeks an Order dismissing the entire Complaint and awarding SmileCare its attorneys' fees and costs. To the extent the Charging Parties have been damaged as alleged, SmileCare is entitled to be held harmless and indemnified by Third Party Defendant.

    **C.    Third Party Defendant's Position**

As explained fully in Third Party Defendant RAJU REDDY, D.D.S., M.D.'s, (erroneously sued as BAJU REDDY, M.D. (hereinafter "Dr. Reddy"), Motion to Dismiss, there are no facts or legal theories alleged in either the EEOC Complaint or SmileCare's Third Party Complaint, which can impose liability on Dr. Reddy and therefore neither Plaintiff nor Third Party Plaintiff SmileCare are entitled to any relief from Dr. Reddy.

In response to the Motion to Dismiss, the EEOC has alleged <u>for the first time in this CMC Statement</u> new and very different claims of alleged "hostile work environment" and sexual harassment. Such claims were not alleged in the underlying administrative charges or the EEOC Complaint in this action and appear to be sham allegations belatedly raised in a bad faith attempt to impute liability on Dr. Reddy where none otherwise exists. Dr. Reddy disputes these new allegations and requests that the Court exclude them, as they were not plead in either the Complaint or administrative charges and appear to have been included in bad faith. Therefore neither Plaintiff nor Third Party Plaintiff SmileCare are entitled to any relief from Dr. Reddy under these new

7

improper allegations either.

## XII.    SETTLEMENT AND ADR

The Plaintiff EEOC and Defendant Smilecare agreed to participate in the Court's Mediation

Program..  The Mediator currently assigned to the case is John F. Barg.  On April 29, 2008, Mr.

Barg deferred the initial pre-mediation conference call until Dr. Reddy had a chance to enter an

appearance and all counsel has had sufficient time to review pertinent case documents and evaluate

the case.

        Dr. Reddy will agree to participate in Mediation but requests a sixty (60) day extension until

September 2008 to complete mediation due to the fact that (1) Dr. Reddy has just been brought into

the case, (2) there is a need for clarification of the new improper allegations and (3) Dr. Reddy

needs to investigate and obtain discovery regarding all allegations against him, including the new

improper allegations.

## XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

SmileCare has declined to consent to the assignment of this case to a United States Magistrate

Judge. The EEOC is willing to consent to the assignment of this case to a United States Magistrate

Judge.

## XIII.    OTHER REFERENCES

Not applicable at this time.

## XV.    NARROWING OF ISSUES

At this time, there are no dispositive or partially dispositive issues appropriate for decision by

motion or by agreement.

## XVI.    EXPEDITED SCHEDULE

The parties do not believe that this is the type of case that can be handled on an expedited basis

with streamlined procedures.

## XVII.   SCHEDULING

The parties agree to the following proposed schedule:

8

FIRST AMENDED JOINT CASE MANAGEMENT STATEMENT
 AND PROPOSED ORDER, CASE NO. C-07-4950-CRB

(a)    Non-Expert Discovery to be completed by March 9, 2009.

(b)    Dispositive Motions to be heard by May 13, 2009.

(c)    Expert Discovery to be completed by March 13, 2009.

(d)    Pretrial Conference to be conducted on June 30, 2009 at 2:30 p.m.

(e)    Trial requested for July 13, 2009.

## XVIII.  TRIAL

Plaintiff estimates a 7-10 day trial.  SmileCare estimates a 5-7 day trial. Based on the uncertain and improper nature of the new allegations, Dr. Reddy cannot yet determine now long trial, if any, would last.

## XIX.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

### A.    Plaintiff's Disclosure

To date, Plaintiff is not aware of any non-party entities or persons that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.  Plaintiff EEOC reserves the right to supplement this disclosure should additional facts become known to it during the discovery process.

### B.    Defendant's Disclosure

To date, SmileCare is not aware of any non-party entities or persons that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.  SmileCare reserves the right to supplement this disclosure should additional facts become known to it during the discovery process.

### C.    Third Party Defendant's Disclosure

To date, Dr. Reddy is not aware of any non-party entities or persons that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of

this proceeding.  Dr. Reddy reserves the right to supplement this disclosure should additional facts become known to it during the discovery process.

## XX.    OTHER MATTERS

The parties are not aware of any other matters at this time conducive to the just, speedy, and inexpensive resolution of this matter.

Dated:    May  20,  2008                    _____/s/_____

SANYA HILL MAXION
Attorney for Plaintiff EEOC
350 The Embarcadero, Suite 500
San Francisco, CA 94105
Tel. No. (415) 625-5650

Dated:    May 20, 2008                      _____/s/_____
ANDREW L. SATENBERG
NOEL S. COHEN
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA  90064-1614
Tel. No.  (310) 312-4000

Dated:    May 20, 2008_____        _____/s/_____
ARTHUR W. CURLEY
STEVEN BARRABEE
MEGHAN E. OLIVERI
BRADLEY, CURLEY , ASIANO, BARRABEE
& GALE, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, CA  94930

         The Court finds that the parties were represented by lead trial counsel responsible for trial of this matter and were given an opportunity to be heard as to all matters encompassed by this Case Management Statement and Proposed Order filed prior to this conference.  The court adopts this statement as modified and enters this Order pursuant to Civ. LR 16-10(b).

FIRST AMENDED JOINT CASE MANAGEMENT STATEMENT
 AND PROPOSED ORDER, CASE NO. C-07-4950-CRB

1         The foregoing joint statement is adopted by this court as the Case Management Order in this

2    action in accordance with Civ. LR 16 and other applicable Local Rules, and shall govern all further

3    proceedings in this action.

4         **IT IS SO ORDERED**.

5

6    DATE:  _____          _____
                                            CHARLES R. BREYER
                                            UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

11

FIRST AMENDED JOINT CASE MANAGEMENT STATEMENT
 AND PROPOSED ORDER, CASE NO. C-07-4950-CRB