ANDREW L. SATENBERG (Bar No. CA 174840)
NOEL S. COHEN (Bar No. CA 219645)
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224
Email: asatenberg@manatt.com
       ncohen@manatt.com

JEFFREY KATZ, (BAR NO. CA 137246)
COMMUNITY DENTAL SERVICES, INC. DBA SMILECARE
2 Macarthur Place, Suite 700
South Coast Metro, CA 92707-7705
Telephone: (714) 708-5348
Facsimile: (714) 850-3350
Email: jkatz@smilecare.com

Attorneys for Defendant and Third-Party Plaintiff
COMMUNITY DENTAL SERVICES, INC. DBA SMILECARE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>vs.<br><br>COMMUNITY DENTAL SERVICES, INC., dba SMILECARE,<br><br>    Defendant | Case No. C 07-4950 CRB<br><br>**DEFENDANT AND THIRD PARTY PLAINTIFF COMMUNITY DENTAL SERVICES, INC., DBA SMILECARE'S OPPOSITION TO THIRD PARTY DEFENDANT'S MOTION TO DISMISS**<br><br>Hearing Date: June 20, 2008<br>Hearing Time: 10:00 a.m.<br>Courtroom: Dept. 8, 19th Floor<br>Judge: Hon. Charles R. Breyer |
| COMMUNITY DENTAL SERVICES, INC., DBA SMILECARE,<br><br>    Third Party Plaintiff,<br>vs.<br><br>BAJU REDDY, M.D.<br><br>    Third Party Defendant. | |

Defendant and Third-Party Plaintiff Community Dental Services, Inc. dba SmileCare ("SmileCare") hereby opposed Third-Party Defendant Dr. Baju Reddy's ("Dr. Reddy") Motion to Dismiss:

## I. INTRODUCTION

Third Party Defendant Dr. Reddy moves to dismiss SmileCare's Third Party Complaint for indemnification on three grounds. In doing so, Dr. Reddy ignores black letter law regarding impleader, and attempts to create new law with respect to the reach of Title VII. As detailed below, Dr. Reddy's Motion should be denied.

First, Reddy mistakenly argues that a third party complaint is not appropriate because SmileCare has not met the pleading requirements of Rule 14 of the Federal Rules of Civil Procedure. But all that Rule 14 requires is that the third party's liability is in some way dependent on the outcome of the main claim. Here, the Third Party Complaint is based entirely on the outcome of the underlying Complaint as it seeks only indemnity from Reddy, not some other cause of action unrelated to the underlying action.

Dr. Reddy next contends that even if a third party complaint is appropriate, the contractual indemnification provision between Reddy and SmileCare is inapplicable because the indemnification clause does not expressly reference "employment discrimination violations under Title VII." This contention is flawed as the law does not require that an indemnification provision specify each and every potential wrongdoing to be enforceable, and, even if it did, Reddy's conduct falls squarely under this provision.

Finally, Dr. Reddy argues that even if the indemnification clause covers the alleged misconduct, Dr. Reddy is an independent contractor, not an employer, and thus cannot be held liable for discrimination or retaliation under Title VII. Dr. Reddy makes this argument ***without any legal authority.*** Because the law does not support this argument, it too should be rejected.

Accordingly, and as set forth below, Dr. Reddy's Motion to Dismiss should be denied.

## II. BRIEF FACTUAL BACKGROUND

On September 25, 2007, Plaintiff Equal Employment Opportunity Commission ("EEOC") filed a Complaint on behalf of Bethany Sanders, Nicole Rooney, and similarly situated women, (collectively, the "Charging Parties") against SmileCare for discrimination and retaliation. The Complaint is based upon the conduct of Dr. Reddy, as evidenced by the recently filed First Amended Joint Case Management Statement and Proposed Order ("Joint Statement"). In the

Joint Statement, the EEOC (not SmileCare) alleges that Dr. Reddy's wrongful conduct is the impetus for this entire action:

> Chronologically, the events began in 2004, when Ms. Sanders, Ms. Rooney and Ms. Melsan began working under Dr. Reddy. The EEOC alleges that, shortly after they began working for Dr. Reddy, he started treating the women in a boorish, rude, dismissive, offensive and sexually derogatory manner. The EEOC alleges that Dr. Reddy's conduct included, but was not limited to, frequently commenting about the bodies of the Oral Surgery Assistants and of his female patients while they were under anesthesia... In addition, Dr. Reddy's use of the sexually derogatory terms is germane to the EEOC's retaliation claim.

[Joint Statement, at 2:21-26; 3:10-11.] Quite simply, Dr. Reddy evaluated the performance of Ms. Sanders, Ms. Rooney and Ms. Melsan and insisted that they be transferred to a different location – a transfer that forms the basis of the current complaint by the EEOC.

Against this backdrop, SmileCare filed a Third-Party Complaint against Dr. Reddy, an independent contractor of SmileCare, seeking contractual and equitable indemnification to the extent the Charging Parties were damaged as alleged. The contractual indemnity claim is based on the Provider Agreement between SmileCare and Dr. Reddy. [Third Party Complaint, ¶ 14.]

### III. STANDARD OF REVIEW

In testing the sufficiency of a complaint against a Rule 12(b)(6) challenge, the Court must assume that all of the plaintiff's (or in this case third party plaintiff's) allegations are true and must construe those allegations in a light most favorable to the plaintiff. *U.S. v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). Dismissal is only appropriate if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. This standard, read in conjunction with the notice pleading standards set forth in Federal Rule of Civil Procedure 8, establishes "a powerful presumption against rejecting pleadings for failure to state a claim." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). The law deliberately sets forth a stringent standard for dismissal under Rule 12(b)(6). As a result, "it is only in the extraordinary case in which dismissal is proper." *Corsican Productions v. Pitchess*, 338 F.2d 441, 442 (9th Cir. 1964).[1] This is not such a case.

---

[1] While SmileCare is confident that Reddy's Motion will be denied, SmileCare would request, and would be entitled to, leave to amend if the Court is inclined to grant Dr. Reddy's Motion to

## IV. ARGUMENT

### A. SmileCare's Third Party Complaint Complies With Rule 14.

Impleader is the procedure by which a defending party may join third persons in order to transfer liability being asserted against it in the underlying lawsuit. The purpose of impleader is to promote judicial efficiency by eliminating the need for a defendant to bring a separate action against parties secondarily or derivatively liable to the defendant on account of plaintiff's claim. *See Southwest Admin. Inc. Rozay's Transfer,* 791 F.2d 769, 777 (9th Cir. 1986), *cert. denied,* 479 U.S. 1065 (1987); *Jensen Elec. Co. v. Moore, Caldwell, Rowland & Dodd, Inc.,* 873 F.2d 1327, 1331 (9th Cir. 1989) (noting that Rule 14 "is intended to provide a mechanism for disposing of multiple claims arising from a single set of facts in one action expeditiously and economically"); *Lambert v. Inryco, Inc.,* 569 F.Supp. 908, 911 (W.D. OK 1980) ("the crucial characteristic of a Rule 14 claim is that the original defendant is attempting to transfer to a third party liability asserted against him by the original plaintiff."). Impleader does not lie for independent claims against third parties. *U.S. One 1977 Mercedes Benz,* 708 F3d 444, 452 (9th Cir. 1983).[2]

Reddy argues that a third party complaint is inappropriate here because Dr. Reddy's liability is not "in some way dependent upon the outcome of the main claim." [Motion to Dismiss, 5: 15-18.] This contention could not be further from the truth. Indeed, the Third Party Complaint is directly related to the outcome of the main claim as it seeks only indemnity if the

---

Dismiss as Rule 15(a) of the Federal Rules of Civil Procedure expressly states that leave to amend "shall be freely given."

[2] Reddy cites to several cases, including *U.S. One 1977 Mercedes Benz,* to support its contention that impleader is inappropriate here. Aside from the fact that many of these cases are outside of this district, all merely address general principles of impleader, and, tellingly, **none** of the cases are at all analogous to this case. *See U.S. One 1977 Mercedes Benz* (dismissing third party complaint because it was not transactionally related to, or derivative of, the underlying action); *Smith v. Whitmore* (holding that the Pennsylvania Uniform Contribution Among Joint Tortfeasors Act precluded the entry of judgment for contribution from the third party defendant until such time as the third party plaintiff had paid more than his pro rata share of the common liability); *Andrulonis v. U.S.* (under New York law, the right of contribution does not raise in favor of defendant until defendant pays plaintiff an amount exceeding its equitable share of the judgment); *Mortgages, Inc. v. U.S. Dist. Ct.* (dismissing third party complaint because neither contribution or indemnity is available in a qui tam action under the False Claims Act, even if the qui tam plaintiff participated in the wrongdoing); *St. Thomas v. Harrisburg* (in a medical malpractice action, court held that hospital and physicians were not entitled to join the allegedly negligent driver as a third party defendant).

Charging Parties have been damaged as alleged, not some other unrelated causes of action against Dr. Reddy. [Third Party Complaint, ¶¶ 14-18.] In fact, the doctrine of indemnity is the most common form of impleader as it presents a case where a defendant has an existing right against a third party, so that if defendant loses the underlying action to plaintiff, the third party is derivatively liable to plaintiff. *See* Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED CIV. PRO. BEFORE TRIAL (The Rutter Group 2008) at 7:311; *see also Ellison v. Shell Oil Co.*, 882 F.2d 349, 354 (9th Cir. 1989); *Gross v. Hanover Ins. Co.*, 138 F.R.D. 53, 54 (S.D.N.Y. 1991).

Without the benefit of any supporting authority, Reddy also argues that because he is an independent contractor, and allegedly cannot be held directly liable by the Charging Parties (discussed below), he cannot be liable to SmileCare for indemnity. This contention is absolutely false. In fact, the law is clear that a third party defendant need not be directly liable to the original plaintiff, as the original defendant may recover judgment on an impleader claim <u>even if the third party defendant bears no direct liability</u> to the original plaintiff. *See Huggins v. Graves*, 337 F.2d 486, 489 (6th Cir. 1994); *Irwin v. Mascott,* 94 F.Supp.2d 1052, 1056-1057 (N.D. Cal. 2000); *see also Banks v. City of Emeryville,* 109 F.R.D. 535, 540 (N.D. Cal. 1995) (holding that a third party claim may even be based on a different theory of liability than the main action).

This is a classic and appropriate case for impleader as SmileCare only seeks indemnification for damages resulting from the underlying claim. Reddy's Motion to Dismiss should be denied.

**B.       The Agreement Between Reddy and SmileCare Contains A Broad Indemnification Provision Covering Reddy's Alleged Misconduct.**

Reddy does not dispute, nor can he, that he entered into a Provider Agreement (the "Agreement") with SmileCare that contains an extraordinarily broad indemnification provision. Specifically, the indemnification provides as follows:

> Provider [Reddy] hereby indemnifies Corporation [SmileCare] and saves it harmless from and against **any** damages, costs, expenses or loss (including legal fees and court costs) resulting from Provider's failure to perform **any** act required herein, **or** as a result of

> performing such act in a negligent manner **and** misconduct, including failure to retain and maintain insurance coverage pursuant to terms of 11.05 herein. (Emphasis added.)

[Declaration of Steven Barrabee (filed concurrently with Motion to Dismiss), Ex. A (emphasis added).]

Some of the "acts" that Dr. Reddy performed pursuant to the Agreement was the setting of employee standards, conducting employee performance reviews and recommending employees for termination. [*Id.*, at ¶ 12.02.] The Agreement obligates Dr. Reddy to perform these acts in a "professional ... manner." [*Id.*] It is Dr. Reddy's alleged failure to do so which lies at the heart of the EEOC's Complaint.

The Agreement further provides that Dr. Reddy will conduct himself at all times "in a professional and businesslike manner with patients **and staff**" and that "as a **material** part of this Agreement, it is expressly understood that [SmileCare] highly values its reputation in the community and [Dr. Reddy] agrees to conduct himself in a supportive and professional manner cognizant of smooth patient and **employee relations**." [Third Party Complaint, ¶¶ 12-13 (emphasis added).]

Recognizing that he cannot escape this all encompassing indemnification provision, Dr. Reddy is left to argue that neither the EEOC nor SmileCare has alleged that Dr. Reddy failed to conduct himself in a professional and businesslike manner. [Motion to Dismiss, 9:17-10:2.] This argument is unavailing. Indeed, SmileCare alleges that "Plaintiff contends, based upon the alleged conduct of Reddy, SmileCare engaged in unlawful practices of sex discrimination and retaliation." [Third Party Complaint, ¶ 11.] Further, the EEOC has alleged that the Charging Parties are the "victims of unlawful discriminatory conduct of the Chief Oral Surgeon, [R]aju Reddy." [Joint Statement, 2:17-20.] Among other things, the Charging Parties allege that Dr. Reddy "treated women in a boorish, rude, dismissive, offensive and sexually derogatory manner ... including frequently commenting about the bodies of the Oral Surgery Assistants and of his female patients while they were under amnesia." [*Id.* at 2:22-26.] If such allegations are true, Dr. Reddy was certainly not conducting himself in a "professional and business like manner," nor

was he promoting "smooth employee relations." Such conduct would also be a material breach of the Agreement, thereby entitling SmileCare to be indemnified for any damages related thereto.

Dr. Reddy next argues that even if the EEOC's allegations are true, the Agreement requires indemnification only "if Reddy acted negligently." [Motion to Dismiss, 9:9-16.] But the indemnity provision is not so limited. In fact, it specifically provides that SmileCare shall be indemnified if Dr. Reddy fails to perform **any** act required in the Agreement (e.g., failure to act in a professional and business like manner), **or** as a result of performing such act in a negligent manner and **misconduct** (e.g., acting in a boorish, rude, dismissive, offensive and sexually derogatory manner). Simply put, while SmileCare could amend its Third Party Complaint to allege negligence, such an amendment is unnecessary as the indemnification provision is not limited to negligence, and the conduct alleged by the EEOC and SmileCare in the pleadings and other documents in the Court's file is sufficient to support a claim for contractual indemnity.

C. **As an Independent Contractor, Reddy Is Not Immune from Liability Under Title VII. But Even if He Were, Reddy Has Been Sued For Indemnification, Not for Violating Title VII.**

Reddy's final argument is somewhat of a red herring. Reddy argues that because only an employer, not an employee or independent contractor, can be held liable for employment discrimination under Title VII, Reddy cannot be held liable for indemnification if SmileCare is liable in the underlying Title VII claim. The argument is nonsensical in that SmileCare has filed an action for indemnity, not a violation of Title VII. Moreover, this argument fails because an independent contractor is not wholly immune from Title VII liability, and, even if it were, neither the EEOC nor SmileCare has filed a lawsuit against Reddy for a violation of Title VII.

1. **Reddy's Novel Contention That an Independent Contractor is Immune from Liability under Title VII Should Be Rejected.**

Reddy cites a single case, *Miller v. Maxwell's Intl. Inc.*, 991 F.2d 583 (9th Cir. 1993), for the proposition that an "employee and an independent contractor cannot be held for employment discrimination under Title VII." [Motion, 6:15-16.] *Miller* does not reach that far. Indeed,

*Miller* holds that liability under Title VII "did not extend to individual employees." *Miller*, 991 F.2d at 587. The rationale of this policy is sound, and expressly noted in *Miller*:

> No employer will allow supervisory or other personnel to violate Title VII when the employer is liable for the Title VII violation. An employer that has incurred civil damages because one of its <u>employees</u> believes he can violate Title VII with impunity will quickly correct that employee's erroneous belief . . . There is no reason to stretch the liability of individual employees beyond the respondeat superior principle . . ."

*Id.* at 588 (emphasis added).

Independent contractors are not discussed in *Miller*, and Reddy has not cited a single case where a Court held that an independent contractor cannot be held liable under Title VII, let alone liable for indemnity pursuant to a Third Party Complaint, when the underlying conduct is an alleged violation of Title VII.

**2.    Even if Reddy Were Immune from Title VII Liability, He is Not Being Sued for a Violation of Title VII.**

As detailed above, this entire argument is irrelevant as Reddy has not been sued at all by the EEOC, nor has he been sued for anything other than indemnification by SmileCare. As set forth above, a third party defendant need not be directly liable to the original plaintiff, as the original defendant may recover judgment on an impleader claim <u>even if the third party defendant bears no direct liability</u> to the original plaintiff. *See Huggins*, 337 F.2d at 489; *Irwin*, 94 F.Supp.2d at 1056-1057.

Here, SmileCare seeks indemnification from Dr. Reddy because he violated the Agreement by (1) not "conducting himself in a professional and businesslike manner with patients and staff;" and (2) not "conducting himself in a supportive and professional manner cognizant of smooth patient and employee relations." [Third Party Complaint, ¶¶ 12-13.] By failing to conduct himself in such a manner, he must "indemnify [SmileCare] and save it harmless from and against any damages, costs, expenses, or loss. . ." [*Id.* at 15.] Simply put, Dr. Reddy is being sued for indemnification under the Agreement, not violating Title VII, and Reddy has not pointed to a single authority prohibiting this procedure.

### D. In Addition to Contractual Indemnification, SmileCare is Entitled To Equitable Indemnification.

Again, Dr. Reddy cites no authority for his conclusory argument that equitable indemnity "is not an applicable theory to support liability for Dr. Reddy under Title VII." [Motion, 10:17.] Dr. Reddy fails to recognize that, aside from express indemnity, indemnity may also arise when equitable considerations are brought into play by contractual language not specifically dealing with indemnification or by the equities of the particular case. *See Bay Dev. Ltd. v. Sup. Ct.,* 50 Cal.3d 1012, 1032-1033 (1990). As such, if Dr. Reddy's argument that the indemnification provision in the Agreement does not cover the alleged misconduct is somehow accepted, SmileCare is entitled to equitable indemnity, because Dr. Reddy's contractual obligation to perform an act carries with it an implied agreement to indemnify and to discharge foreseeable damages resulting from his method of performing that act. *See West v. Sup. Ct.,* 27 Cal.App.4th 1625 (1994). Either way, SmileCare has adequately pleaded a claim for indemnity.

## V. CONCLUSION

For the foregoing reasons, SmileCare respectfully requests that the Court deny Dr. Reddy's Motion to Dismiss. To the extent the Court is inclined to grant said Motion, SmileCare respectfully requests leave to amend its Third Party Complaint.

Dated: May 30, 2008

MANATT, PHELPS & PHILLIPS, LLP

By: _____
Noel S. Cohen
*Attorneys for Defendant*
COMMUNITY DENTAL SERVICES INC.
DBA SMILECARE

41282686.2

# PROOF OF SERVICE

I, Jill A. Serena, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On May 30, 2008, I served a copy of the within document(s):

***DEFENDANT AND THIRD PARTY PLAINTIFF COMMUNITY DENTAL SERVICES, INC. DBA SMILECARE'S OPPOSITION TO THIRD PARTY DEFENDANT'S MOTION TO DISMISS***

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☒ by placing the document(s) listed above in a sealed *Federal Express* envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a *Federal Express* agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

See Attached Service List

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 30, 2008, at Los Angeles, California.

_____
Jill A. Serena

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41196232.1

*EQUAL EMPLOYMENT OPPORTUNITY COMMISSION V. COMMUNITY DENTAL SERVICES INC. dba SMILECARE*

SERVICE LIST

| | |
|---|---|
| Arthur W. Curley, Esq.<br>Steven Barrabee, Esq.<br>Meghan E. Oliveri, Esq.<br>BRADLEY, CURLEY, ASIANO,<br>BARRABEE & GALE, P.C.<br>1100 Larkspur Landing Circle, Suite 200<br>Larkspur, California 94939<br>Telephone: (415) 464-8888<br>Facsimile: (415) 464-8887 | William R. Tamayo, Esq.<br>Jonathan T. Peck, Esq.<br>Sanya Hill Maxion, Esq.<br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>San Francisco District Office<br>350 The Embarcadero, Suite 500<br>San Francisco, California 94105<br>Telephone: (415) 625-5650<br>Facsimile: (415) 625-5657 |