ARTHUR W. CURLEY, BAR NO. 60902
STEVEN BARRABEE, BAR NO. 110201
BERNADETTE BANTLY, BAR NO. 124659
MEGHAN E. OLIVERI, BAR NO. 236107
BRADLEY, CURLEY, ASIANO,
BARRABEE & GALE, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, California 94939
Telephone: (415) 464-8888
Facsimile: (415) 464-8887
Email:  sbarrabee@professionals-law.com
        bbantly@professionals-law.com
        moliveri@professionals-law.com

Attorneys for Third Party Defendant
RAJU REDDY, D.D.S., M.D. erroneously sued
herein as BAJU REDDY, M.D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>COMMUNITY DENTAL SERVICES, INC., dba SMILECARE,<br><br>Defendant.<br>_____<br>COMMUNITY DENTAL SERVICES, INC., DBA SMILECARE,<br><br>Third Party Plaintiff,<br><br>v.<br><br>BAJU REDDY, M.D.<br><br>Third Party Defendant. | No. C-07-04950 CRB<br><br>**THIRD PARTY DEFENDANT RAJU REDDY, D.D.S, M.D.'S REPLY TO THIRD PARTY PLAINTIFF'S OPPOSITION TO HIS MOTION TO DISMISS THIRD PARTY COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(6)]**<br><br>Hearing Date: June 20, 2008<br>Hearing Time: 10:00 a.m.<br>Courtroom: Courtroom 8, 19th Floor<br>Judge: Hon. Charles R. Breyer |

Third Party Defendant RAJU REDDY, D.D.S., M.D. (hereafter, "Dr. Reddy") hereby replies to the opposition of Defendant/Third Party Plaintiff Community Dental Services, Inc. d/b/a SmileCare (hereafter, "SmileCare") to his Motion to Dismiss the Third Party Complaint.

In its opposition, SmileCare confirms that its Third Party Complaint "seeks only

- 1 -

BRADLEY, CURLEY, ASIANO, BARRABEE & GALE, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

Third Party Defendant's Reply to Third Party Plaintiff's Opposition to his Motion to Dismiss Third Party Complaint pursuant to FRCP 12(b)(6)

Case No. C-07-04950 CRB

indemnity from Dr. Reddy." Opposition, page 2, line 10. As explained fully below, applicable federal law precludes SmileCare from attempting to transfer liability for Title VII violations under either a contractual or equitable (or any) indemnity theory. As a matter of law, SmileCare's indemnification arguments fail and, therefore, the Third Party Complaint should be dismissed.

## I. SMILECARE'S "HOLD HARMLESS" INDEMNIFICATION CLAUSE IS INVALID AS A MATTER OF LAW.

### A. SmileCare's claim for indemnification is barred as a matter of law since there is no right to contribution to the rights under Title VII.

*Kellas v. Smith*, 2006 U.S.Dist. LEXIS 96659 (C.D.CA. 2006), is directly on point. In that case, a male employee sued his employer for multiple employment law violations, including gender discrimination and unlawful retaliation under Title VII. The employer then cross claimed against the employee based on an indemnification clause in the employment contract. The specific claims were for: (1) express contract indemnification pursuant to a "hold harmless" clause; (2) common law indemnity and equitable apportionment; (3) total indemnity; and (4) declaratory relief. These claims were premised on the employee's alleged breach of the employment contract by abusing his authority, having a relationship with a subordinate, failing to report harassment and misrepresenting facts. The Court held the employer could not succeed on the indemnification claims, finding: that the employer's counterclaim for indemnification was barred as a matter of law under *Northwest Airlines, Inc. v. Transport Workers Union of America, AFL-CIO*, 451 U.S. 77, 94-95, 101 S. Ct. 1571, 67 L. Ed. 2d 750 (1981) (there is no "right to contribution to the statutory rights that Congress created in . . . Title VII.")." *Kellas, supra*, at 10.

The *Kellas* court, in agreement with other courts, construed the Supreme Court's holding in *Northwest Airlines* to mean that federal courts may not imply a federal common law private right of indemnification, nor find an express contractual right of indemnification in the Title VII context. *Id.*, at 11; see *Northwest Airlines*, 451 US at 94-95; see also *Anderson v. Local Union No. 3, Intern. Broth. of Elec. Workers, AFL-CIO*, 751 F.2d 546, 547-48 (1984).

This principle applies directly to this case. SmileCare's Third Party Complaint is based

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 2 -

Third Party Defendant's Reply to Third Party Plaintiff's Opposition to his Motion to Dismiss Third Party Complaint pursuant to FRCP 12(b)(6)

Case No. C-07-04950 CRB

solely on contractual and equitable indemnity theories. Based on these theories, Smilecare seeks contribution from Dr. Reddy in connection with the underlying EEOC Title VII lawsuit against SmileCare for sex discrimination and retaliation. Under the Supreme Court's holding in *Northwest Airlines* (confirmed by *Kellas*), federal law does not allow SmileCare a right to contribution for the statutory rights created by Congress under Title VII. Therefore, SmileCare is legally barred from bringing a Third Party Complaint for indemnification/contribution against Dr. Reddy and the Third Party Complaint should be dismissed.

### B. SmileCare's claim for indemnification is unenforceable as a matter of law because it violated public policy.

The case of *Stamford Bd. of Educ. v. Stamford Educ. Ass'n*, 697 F.2d 70 (2d Cir. 1982) is also directly on point. In that case, four female school employees and their unions sued the school board for sex discrimination. The school board then cross claimed against the unions for indemnification based on a "hold harmless" clause in their labor contract with the unions. The Court held the "hold harmless" clause invalid as "patently contrary to federal civil rights policy." *Stamford Bd. of Educ., supra,* 697 F.2d at 71.

> "It is clear that public policy circumscribes agreements between private parties in order to prevent the courts from becoming 'vehicles of discrimination.'...courts must not be timid in voiding agreements which tend to injure the public good or contravene some established interest of society...
>
> It is clear that there is a strong federal public policy against discrimination by reason of sex, see, e.g., U.S. Const. art. XIV; Title VII; 42 U.S. § 2000e et seq., The Equal Pay Act, 29 U.S.C. § 206(d) et seq. Thus, the question is whether the policies against discrimination embodied in these statutes will be undermined if the "hold harmless" clause at issue is enforced. The public policy goals of Title VII, for example, are to deter discrimination by reason of sex and to compensate aggrieved persons for the injuries caused to them by reason of the discrimination. See *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 417-18, 45 L. Ed. 2d 280, 95 S. Ct. 2362 (1975). We believe that enforcement of the "hold harmless" clause here would work against both of these policies."

697 F.2d at 73-74 (citations omitted).

Following the same reasoning as the *Stamford* Court, the "hold harmless" clause in the Provider Agreement at issue here should also be held invalid. The *Stamford* Court reasoned that if the employer school board knew that they would be totally indemnified by a third party for discrimination through the "hold harmless" clause, then the employer would have little concern

BRADLEY, CURLEY, ASIANO, BARRABEE & GALE, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 3 -

Third Party Defendant's Reply to Third Party Plaintiff's Opposition to his Motion to Dismiss Third Party Complaint pursuant to FRCP 12(b)(6)

Case No. C-07-04950 CRB

over discrimination against women. This would circumvent Title VII's public policy of deterring discrimination, since it would immunize the employer by allowing it to shift all liability under the 'hold harmless" clause. <u>This is exactly what SmileCare seeks to accomplish in this case</u>. If SmileCare is allowed to shift Title VII liability to Dr. Reddy–and every other independent contractor or employee with whom they have a "hold harmless" clause-- then SmileCare has little reason to be concerned if discrimination is occurring in its workplaces. Allowing this will defeat Title VII's public policy goals of deterring discrimination.

In addition, allowing this type of "hold harmless" clause would potentially severely limit the recovery for the victim to the limited resources of the single independent doctor or employee. This would would allow every employer to (1) turn a blind eye to discrimination in their workplaces, (2) not take any actions to deter, remediate or prevent discrimination and (3) not compensate any employee aggrieved by the discrimination in the workplace. Such a scenario would completely defeat Title VII's public policies. For this additional reason, SmileCare's "hold harmless" indemnification provision must be held invalid as against public policy.

## II. SMILECARE'S "HOLD HARMLESS" INDEMNIFICATION CLAUSE IS VAGUE AND THEREFORE UNENFORCEABLE AGAINST DR. REDDY.

> "[O]ne who seeks indemnification from his own negligence must draft the instrument in specific, precise and unambiguous terms; the imposition of such an obligation cannot rest upon language which is as loose and obscure."

*Goldman v. ECCO-Phoenix Electric Corp.* (1964) 62 Cal.2d 40, 41.

> "A contract of indemnity which purports to relieve the indemnitee from the results of a failure to exercise ordinary care, by himself or his employees, should be strictly construed, and will not be held to provide such indemnification, unless so expressed in clear and unequivocal terms. . . ."

42 C.J.S., Indemnity, § 12, p. 580. *Accord Pacific Indemnity Co. v. California Electric Works, Ltd.* (1938) 29 Cal.App.2d 260, 271 [84 P.2d 313]; 26 Cal.Jur.2d, Indemnity, § 12, p. 342.

In the *Goldman* case, *supra*, the court refused to enforce an indemnification clause

BRADLEY, CURLEY, ASIANO, BARRABEE & GALE, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 4 -

Third Party Defendant's Reply to Third Party Plaintiff's Opposition to his Motion to Dismiss Third Party Complaint pursuant to FRCP 12(b)(6)

Case No. C-07-04950 CRB

because the specific terms (such as "to the extent of work provided for in this agreement" and "proper performance") lacked specificity. The Court reasoned that these terms could be interpreted differently and, depending on the interpretation, the liability outcome would be very different.

Similarly, here, the "hold harmless" indemnification clause in the Provider Agreement between SmileCare and Dr. Reddy suffers from the same fatal vagueness. Specifically, the phrase "from Provider's failure to perform any act required herein, or as a result of performing such act in a negligent manner and misconduct" is susceptible to multiple interpretations. Moreover, this indemnification language is found within the section of the Provider Agreement that deals specifically with Dr. Reddy's malpractice insurance and refers to the previous two pages that detail the expected standard and quality of patient care and patient relationships. This placement, <u>and the fact that SmileCare has invoked the indemnification clause against Dr. Reddy for previous medical malpractice suits against Smilecare,</u> can reasonably be interpreted to mean that Dr. Reddy will hold SmileCare harmless for liabilities involving patients, his insurance and the standard of care and treatment provided by Dr. Reddy, i.e. medical malpractice indemnification only.

SmileCare has argued that the foregoing clause should be interpreted to expand indemnification for all of Dr. Reddy's activities involving SmileCare's employees, <u>but bases this attempted expansion on two other unrelated sections of the Provider Agreement that appear after the indemnification clause.</u> Specifically, SmileCare argues that the expansion is justified since later sections refer to (1) Dr. Reddy conducting himself in a "professional and businesslike manner" with patients and staff, and (2) Dr. Reddy's right to set standards, review performance and recommend termination to the personnel department. However SmileCare's reasoning is contradicted by additional language within the same section that states that <u>Dr. Reddy cannot, and does not have the right to, hire or fire or take any adverse employment action against any SmileCare employees.</u>

As the foregoing atteasts, the indemnification clause here is vague and can be interpreted in many different ways given the status of SmileCare as the plaintiffs' employer, Dr. Reddy's inability to take adverse employment actions against any SmileCare employee, the placement of the indemnification clause and SmileCare's past practice of using of the indemnification clause for

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 5 -

Third Party Defendant's Reply to Third Party Plaintiff's Opposition to his Motion to
Dismiss Third Party Complaint pursuant to FRCP 12(b)(6)    Case No. C-07-04950 CRB

medical malpractice claims. Therefore, the indemnification clause should be found to be void for vagueness and, therefore, unenforceable.

### III. SMILECARE HAS NO RIGHT TO EQUITABLE INDEMNIFICATION UNDER THE LAW AND IT IS UNFAIR TO BOTH THE PLAINTIFF AND DR. REDDY.

"[E]quitable indemnification is a matter of fairness." *Jaffe v. Huxley Architecture* (1988) 200 Cal. App. 3d 1188, 1191 (examining comparative equitable indemnification among joint tortfeasors); *Smoketree-Lake Murray, Ltd. v. Mills Concrete Construction Comp., Inc.* (1991) 234 Cal. App. 3d 1724, 1736. Equitable indemnification rests on the "equities of the circumstances, i.e. tortfeasors sharing loss in proportion to their culpability." *Id.*, at 1735. As more fully explained above, federal law has determined that there is no "right to contribution [for the employer] to the statutory rights that Congress created in . . . Title VII." *Northwest Airlines, Inc. v. Transport Workers Union of America, AFL-CIO*, 451 U.S. 77, 94-95, *Kellas v. Smith, et al.*, 2006 U.S.Dist. LEXIS 96659, 10 (C.D.CA. 2006).

For those reasons more fully explained above and under principals of fairness, equitable indemnification should not be found in this case. If equitable indemnification is found for SmileCare (<u>the actual employer of the aggrieved parties and the only entity with the ability to take adverse employment actions against the aggrieved parties</u>), then SmileCare will be allowed to (1) shift all liability to Dr. Reddy, which is against public policy as Dr. Reddy is <u>not the employer, cannot take adverse employment actions against the aggrieved parties</u> and holding him, rather than the employer, liable would defeat the policies of Title VII, (2) ignore discrimination in their workplaces and workforce and ignore the policy of Title VII to deter and prevent discrimination since SmileCare will not be held responsible, and (3) deprive the aggrieved parties of compensation by removing SmileCare from liability and thereby reducing any available compensation resources to only the limited resources of the individual - Dr. Reddy.

Title VII specifically limits liability to **employers with 15 or more employees** "in part because Congress did not want to burden small entities with the costs associated with litigating discrimination claims." *Miller v. Maxwell's Intl. Inc.*, 991 F.2d 583, 587 (9th Cir. Cal. 1993). This

BRADLEY, CURLEY, ASIANO, BARRABEE & GALE, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 6 -

Third Party Defendant's Reply to Third Party Plaintiff's Opposition to his Motion to Dismiss Third Party Complaint pursuant to FRCP 12(b)(6)

Case No.  C-07-04950 CRB

was the intentional choice of Congress so that recovery would not be limited and small entities and individuals would not be burdened. Equitable indemnification for SmileCare--the entity Title VII specifically holds responsible-- would be exceedingly unfair to both the plaintiffs, as it will reduce compensation resources and not hold the employer responsible as required under Title VII and public policy, and Dr. Reddy, who had no control over SmileCare or its employees. Therefore, equitable indemnification should be denied.

### IV. IT IS WITHIN THE COURT'S DISCRETION TO PERMIT IMPLEADER AND THE BALANCE OF THE FACTORS SHOWS IMPLEADER SHOULD NOT BE ALLOWED.

The decision whether to permit impleader is left to the discretion of the trial court. Fed.R.Civ.P. Rule 14(a), 28 U.S.C.A. "[A] court, called upon to exercise its discretion as to impleader, must balance the desire to avoid circuity of actions and to obtain consistent results against any prejudice that the plaintiff might suffer from complications of the case." *Somportex Ltd. v. Philadelphia Chewing Gum Corp.*, 453 F.2d 435, 439 n. 6 (3d Cir.1971), cert. denied, 405 U.S. 1017, 92 S. Ct. 1294, 31 L. Ed. 2d 479 (1972); *Irwin v. Mascott, et al.*, 94 F.Supp. 2d 1052, 1056 (N.D.CA 2000).

#### A. Permitting the Impleader of Dr. Reddy will complicate the issues of this case.

In deciding whether to permit impleader, a court must consider the following: (1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead. *Irwin v. Mascott, et al.*, 94 F.Supp. 2d 1052, 1056 (N.D.CA 2000). Complication of issues and delay of the trial are significant concerns" if injecting the cause(s) of action for the impleader will delay and complicate the original suit. *Id.*

Here, if impleader of Dr. Reddy is allowed, it will further complicate and delay the current case between the EEOC and SmileCare. If Dr. Reddy remains in this case, Dr. Reddy will countersue SmileCare for numerous causes of action, including but not limited to equitable indemnity, fraud, misrepresentation, breach of contract, and numerous violations of California labor laws. This will create entirely new legal issues and evidence relating to the Provider Agreement and the employment relationship between Dr. Reddy and SmileCare. Many of these

BRADLEY, CURLEY, ASIANO, BARRABEE & GALE, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 7 -

Third Party Defendant's Reply to Third Party Plaintiff's Opposition to his Motion to Dismiss Third Party Complaint pursuant to FRCP 12(b)(6)

Case No. C-07-04950 CRB

issues are not closely related to the sex discrimination/retaliation (Title VII) lawsuit brought by the EEOC for adverse employment actions taken by SmileCare against SmileCare employees and it will increase discovery and the length of the trial.

Further allowing the impleader of Dr. Reddy and enforcement of the "hold harmless" clause (*discussed in detail above*), would greatly prejudice the plaintiffs. If SmileCare is allowed to shift its liability for Title VII violations with its employees to Dr. Reddy (who is not the aggrieved individuals' employer, not an employer at all and is either an independent contractor or SmileCare employee), then the aggrieved parties can only be compensated through the extremely limited resources of Dr. Reddy and arguably will most likely not be made whole. This is completely counter to the public policy of Title VII and weighs heavily against impleader. Given the factors as discussed above, the balancing of those factors weighs heavily in favor that impleader should not be allowed in this specific context.

### B. Permitting Impleader of Dr. Reddy is not permitted since the third party claim is not dependent upon the outcome of the main claim.

For impleader to be permitted under Rule 14, the third-party plaintiff's claim must be dependent upon the outcome of the main claim. *Stewart v. American Int'l Oil & Gas Co.*, 845 F.2d 196, 199-200 (9th Cir.1988) (dismissing third-party complaint for failure to show party would be liable for claims against a defendant). Based on the reasons explained fully above, Dr. Reddy cannot be held liable under contractual indemnification for the Title VII claims against SmileCare, since the "hold harmless" clause of the Provider Agreement is invalid as against public policy. Further Dr. Reddy cannot be held liable under equitable indemnity for the Title VII claims against SmileCare since federal law does not recognize an equitable right of indemnity in Title VII claims.

### C. By law, SmileCare has no right of contribution from Dr. Reddy and therefore, Impleader under Rule 14 is not proper.

"If the governing substantive law recognizes a right of contribution . . . impleader under Rule 14 is a proper procedure." *Irwin v. Mascott, supra*, 94 F.Supp. 2d at 1058. "The availability of impleader enables the right of contribution to be litigated concurrently with the main claim." *Id.*

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 8 -

Third Party Defendant's Reply to Third Party Plaintiff's Opposition to his Motion to Dismiss Third Party Complaint pursuant to FRCP 12(b)(6)

Case No. C-07-04950 CRB

As explained fully above, federal law has determined that there is <u>no right of contribution</u>, contractually or equitably, for the employer in the Title VII context, as it is against public policy. Therefore, there is no question of fact regarding whether Dr. Reddy may be implead. Federal law has concluded that SmileCare's purported indemnification claims are not allowed. As a result, SmileCare does not have a right of contribution from Dr. Reddy and, therefore, impleader under Rule 14 is improper.

## V. <u>CONCLUSION</u>

For all of the foregoing reasons, Third Party Defendant Dr. Reddy respectfully requests that this Court dismiss SmileCare's Third Party Complaint with prejudice.

Dated: June 6, 2008                              Respectfully submitted,

BRADLEY, CURLEY, ASIANO,
BARRABEE & GALE, P.C.

By: _____
MEGHAN OLIVERI, ESQ.
Attorneys for Third Party Defendant
Raju Reddy, D.D.S., M.D.

F:\DOCS\Reddy\7453\P\12b6 REPLY.wpd

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 9 -

Third Party Defendant's Reply to Third Party Plaintiff's Opposition to his Motion to
Dismiss Third Party Complaint pursuant to FRCP 12(b)(6)                Case No. C-07-04950 CRB