1 | ARTHUR W. CURLEY, BAR NO. 60902
STEVEN BARRABEE, BAR NO. 110201
2 | BERNADETTE BANTLY, BAR NO. 124659
MEGHAN E. OLIVERI, BAR NO. 236107
3 | BRADLEY, CURLEY, ASIANO,
BARRABEE & GALE, P.C.
4 | 1100 Larkspur Landing Circle, Suite 200
Larkspur, California 94939
5 | Telephone: (415) 464-8888
Facsimile: (415) 464-8887
6 | Email: bbantly@professionals-law.com
        moliveri@professionals-law.com
7 |
8 | Attorneys for Third Party Defendant
RAJU REDDY, D.D.S., M.D. erroneously sued
herein as BAJU REDDY, M.D.
9 |

10 | UNITED STATES DISTRICT COURT

11 | NORTHERN DISTRICT OF CALIFORNIA

12 | SAN FRANCISCO DIVISION

13 | EQUAL EMPLOYMENT OPPORTUNITY )   No. **C-07-04950 CRB**
COMMISSION,                    )
14 |                            )   THIRD PARTY DEFENDANT RAJU REDDY,
                               )   DDS, MD'S ANSWER TO THIRD PARTY
15 |        Plaintiff,          )   COMPLAINT FOR CONTRACTUAL
     v.                        )   INDEMNITY, EQUITABLE INDEMNITY
16 |                           )   AND DECLARATORY RELIEF AND
COMMUNITY DENTAL SERVICES, INC., )   COUNTERCLAIMS AGAINST COUNTER
dba SMILECARE,                 )   DEFENDANT COMMUNITY DENTAL
17 |                           )   SERVICES, INC., dba SMILECARE
        Defendant.             )
18 | _____ )
COMMUNITY DENTAL SERVICES, INC., )
19 | DBA SMILECARE,              )
                               )
20 |        Third Party Plaintiff, )
     v.                        )
21 |                           )
BAJU REDDY, M.D.               )
22 |                           )
        Third Party Defendant.  )
23 | RAJU REDDY, D.D.S., M.D.,   )
                               )
24 |        Counter complainant, )
                               )
25 |     v.                     )
                               )
26 | COMMUNITY DENTAL SERVICES, INC., )
dba SMILECARE, and Does 11-15, )
27 |                           )
        Counter defendant.     )
28 | _____ )

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 1 -

THIRD PARTY DEFENDANT RAJU REDDY, DDS, MD'S
ANSWER TO THIRD PARTY COMPLAINT

NORTHERN DISTRICT COURT CASE NO. **C-07-04950 CRB**

1       Pursuant to Rule 8 of the FEDERAL RULES OF CIVIL PROCEDURE, Third Party Defendant

2 RAJU REDDY, D.D.S., M.D., erroneously sued herein as BAJU REDDY, M.D., (hereinafter "Dr.

3 Reddy") answers Third Party Plaintiff's Third Party Complaint as follows:

4       1.Paragraph 1 contains a statement requiring no response. To the extent that paragraph 1

5 contains factual allegations, Dr. Reddy admits Plaintiff Equal Employment Opportunity

6 Commission ("Plaintiff") filed a Complaint against Defendant/Third Party Plaintiff Community

7 Dental Services, Inc., dba SmileCare (herein "SmileCare") on or about September 25, 2007.

8       2.Paragraph 2 contains statements and conclusions of law, to which no response is required.

9 In response to the factual allegations contained within paragraph 2, Dr. Reddy admits that the

10 Complaint filed by Plaintiff alleges that SmileCare engaged in unlawful practices of sex

11 discrimination in violation of §703(a) of Title VII, 42 U.S.C. §2000e-2(a)(1) but denies that the

12 Complaint alleges SmileCare's violations were "through the actions of Reddy." Dr. Reddy admits

13 that the Complaint further alleges that SmileCare violated §704(a) of Title VII, 42 U.S.C. §2000e-

14 3(a) by subjecting Charging Parties Nicole Rooney and Bethany Sanders ("Charging Parties") to

15 retaliation, but denies that the Complaint alleges SmileCare subjected Charging Parties to

16 retaliation "after they expressed their opposition to sex discrimination by [Dr.] Reddy."

17       3.In response to paragraph 3, Dr. Reddy admits these statutory and constitutional provisions

18 under which the action is brought confer jurisdiction.

19       4.In response to paragraph 4, Dr. Reddy admits that SmileCare's principal place of business

20 is in Santa Ana, California, however, concerning the other allegations set forth therein, Dr. Reddy

21 lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on

22 that basis the allegations are denied.

23       5.In response to paragraph 5, Dr. Reddy admits that SmileCare is in the business of

24 providing accessible, affordable and quality dental services, however concerning the other

25 allegations set forth therein, Dr. Reddy lacks sufficient knowledge or information to form a belief

26 as to the truth of the allegations, and on that basis the allegations are denied.

27       6.In response to paragraph 6, Dr. Reddy denies that he resides in Los Altos, California, is

28 duly and currently licensed to practice dentistry in the State of California and is certified in the

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

THIRD PARTY DEFENDANT RAJU REDDY, DDS, MD'S           NORTHERN DISTRICT COURT CASE NO. **C-07-04950 CRB**
ANSWER TO THIRD PARTY COMPLAINT

1  speciality of Oral Surgery. Dr. Reddy admits that he resides in San Jose, California, that he is duly

2  and currently licensed to practice medicine in the State of California and holds current valid Oral

3  and Maxillofacial Surgery and general anesthesia permits from the Dental Bureau of California.

4      7.In response to paragraph 7, Dr. Reddy admits he and SmileCare entered into a "Provider

5  Agreement and Space Rental Agreement" (referred herein as "Provider Agreement") on or about

6  February 16, 2004; that the Provider Agreement continues year to year unless terminated by either

7  party; and the Provider Agreement has not been terminated at this time. Provider Agreement is

8  attached hereto as "Exhibit 2001" and incorporated herein by reference.

9      8.In response to paragraph 8, Dr. Reddy admits the Provider Agreement states Dr. Reddy is

10  an independent contractor for SmileCare, but does not admit that he *actually is or has been treated*

11  *as* an independent contractor during his relationship with SmileCare. Dr. Reddy admits that under

12  the Provider Agreement, SmileCare was responsible for scheduling and billing patients for care

13  and to provide Dr. Reddy with facilities and equipment as reasonably required to perform dental

14  services, but does not admit that SmileCare actually performed these responsibilities and provided

15  the required items. Dr. Reddy admits that under the Provider Agreement Dr. Reddy was

16  responsible for treatment and care of the patients assigned to him by SmileCare.

17      9.In response to paragraph 9, Dr. Reddy denies all allegations as contained in this paragraph

18  regarding true names and capacities of fictitious defendants and their respective relationship(s) to

19  SmileCare based on lack of information of defense counsel at this time.

20  **FIRST CAUSE OF ACTION**

21  **(Contractual Indemnity/Contribution)**

22      10. In response to paragraph 10, Dr. Reddy incorporates his responses to paragraphs 1

23  through 9.

24      11. In response to paragraph 11, Dr. Reddy admits Plaintiff alleges SmileCare engaged in

25  unlawful practices of sex discrimination and retaliation after the Charging Parties expressed their

26  opposition to sex discrimination, but denies Plaintiff contends it is "based upon the alleged conduct

27  of Reddy."

28      12. In response to paragraph 12, Dr. Reddy admits that Section 11.08 of the Provider

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 3 -

THIRD PARTY DEFENDANT RAJU REDDY, DDS, MD'S                    NORTHERN DISTRICT COURT CASE NO. **C-07-04950 CRB**
ANSWER TO THIRD PARTY COMPLAINT

1 | Agreement between SmileCare and Dr. Reddy states: "At all time, Provider [Dr. Reddy] agrees to

2 | conduct himself in a professional and businesslike manner with patients and staff alike."

3 |     13. In response to paragraph 13, Dr. Reddy admits that Section 15.02 of the Provider

4 | Agreement between SmileCare and Dr. Reddy states: "As a material part of this Agreement, it is

5 | expressly understood that Corporation [SmileCare] highly values its reputation in the community

6 | and Provider [Dr. Reddy] agrees to conduct himself in a supportive and professional manner

7 | cognizant of smooth patient and employee relations."

8 |     14. Paragraph 14 contains a statement and conclusion of law that Dr. Reddy has a legal

9 | obligation to indemnify SmileCare, to which no response is required. To the extent that paragraph

10 | 14 contains factual allegations, Dr. Reddy admits that Section 11.07 of the Provider Agreement

11 | between SmileCare and Dr. Reddy states that Provider (Dr. Reddy) "saves it [SmileCare] harmless

12 | from and against any damages, costs, expenses or loss (including legal fees and court costs)

13 | resulting from Provider's [Dr. Reddy's] failure to perform any act required herein, or as a result of

14 | performing such act in a negligent manner and misconduct . . ." However, Dr. Reddy adamantly

15 | denies that he has a legal obligation to indemnify SmileCare for the specific claims alleged in

16 | Complaint and Third Party Complaint. *Northwest Airlines, Inc. v. Transport Workers Union of*

17 | *America, AFL-CIO* (1981) 451 U.S. 77, 101 S. Ct. 1571, 67 L. Ed. 2d 750.

18 |     15. In response to paragraph 15, Dr. Reddy denies all allegations as contained in this

19 | paragraph regarding any and all of SmileCare's allegations of contractual entitlement to be held

20 | harmless and indemnified by Dr. Reddy (1) in any amount based on the original Complaint and (2)

21 | for reasonable costs incurred in defending the Complaint and prosecuting this Third Party

22 | Complaint. See *Northwest Airlines, Inc. v. Transport Workers Union of America, AFL-CIO* (1981)

23 | 451 U.S. 77.

### SECOND CAUSE OF ACTION

**(Equitable Indemnity/Contribution)**

26 |     16. In response to paragraph 16, Dr. Reddy incorporates his responses to paragraphs 1

27 | through 15.

28 |     17. In response to paragraph 17, Dr. Reddy denies all allegations as contained in this

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 4 -

THIRD PARTY DEFENDANT RAJU REDDY, DDS, MD'S
ANSWER TO THIRD PARTY COMPLAINT

NORTHERN DISTRICT COURT CASE NO. **C-07-04950 CRB**

1  paragraph regarding any and all of SmileCare's allegations that any injuries or damages suffered by

2  the Charging Parties were proximately caused or contributed by negligence, fault, acts or omissions

3  of Dr. Reddy, and that SmileCare is entitled to contribution from Dr. Reddy for any award of

4  damages to the Charging Parties.  See *Northwest Airlines, Inc. v. Transport Workers Union of*

5  *America, AFL-CIO* (1981) 451 U.S. 77, 101 S. Ct. 1571, 67 L. Ed. 2d 750.

6      18. In response to paragraph 18, Dr. Reddy denies all allegations as contained in this

7  paragraph regarding any and all of SmileCare's allegations that equitable indemnity from Dr.

8  Reddy for any award of damages to the Charging Parties, any relative fault or percentage of fault of

9  Dr. Reddy, any proximate causation or contribution to the injury or damages by DR. Reddy and

10  indemnification from Dr. Reddy for reasonable costs in defending the Complaint and prosecuting

11  the Third Party Complaint.  See *Northwest Airlines, Inc. v. Transport Workers Union of America,*

12  *AFL-CIO* (1981) 451 U.S. 77, 101 S. Ct. 1571, 67 L. Ed. 2d 750.

13                    **THIRD CAUSE OF ACTION**

14                      **(Declaratory Relief)**

15      19. In response to paragraph 19, Dr. Reddy incorporates his responses to paragraphs 1

16  through 18.

17      20. Paragraph 20 contains a statement and conclusion of law, to which no response is

18  required.  To the extent paragraph 20 contains factual allegations, Dr. Reddy admits that there now

19  exists an actual controversy regarding any duty of Dr. Reddy to indemnify , in whole or in part,

20  SmileCare as a result of Complaint.  See *Northwest Airlines, Inc. v. Transport Workers Union of*

21  *America, AFL-CIO* (1981) 451 U.S. 77, 101 S. Ct. 1571, 67 L. Ed. 2d 750.

22      21. In response to paragraph 21, Dr. Reddy denies all allegations as contained in this

23  paragraph regarding declarations of SmileCare's rights and duties and Dr. Reddy's obligations to

24  indemnify and/or pay contributions to SmileCare for amounts SmileCare may be required to pay

25  Plaintiff and for which SmileCare is determined responsible in whole or in part.  It is untimely to

26  declare or determine SmileCare's rights and duties before any liability has been established under

27  the Complaint.  See *Northwest Airlines, Inc. v. Transport Workers Union of America, AFL-CIO*

28  (1981) 451 U.S. 77, 101 S. Ct. 1571, 67 L. Ed. 2d 750.

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA  94939
TEL (415) 464-8888
FAX (415) 464-8887

- 5 -

THIRD PARTY DEFENDANT RAJU REDDY, DDS, MD'S                    NORTHERN DISTRICT COURT CASE NO. **C-07-04950 CRB**
ANSWER TO THIRD PARTY COMPLAINT

1

## AFFIRMATIVE DEFENSES

2

### FIRST AFFIRMATIVE DEFENSE

3

(Failure to State a Claim)

4       The Complaint and Third Party Complaint, and each and every claim asserted therein, fail to

5   allege facts sufficient to state a claim against Dr. Reddy.  As a non-employer, Dr. Reddy cannot be

6   held liable for violations of Title VII and any and all contracts requiring indemnification for such

7   non-employers for Title VII violations are void pursuant to federal and state law and public policy.

8   See *Northwest Airlines, Inc. v. Transport Workers Union of America, AFL-CIO* (1981) 451 U.S.

9   77, 101 S. Ct. 1571; *Miller v. Maxwell's Intl. Inc.*, 991 F.2d 583 (9th Cir. Cal. 1993).

10

### SECOND AFFIRMATIVE DEFENSE

11

(Act(s) of Charging Parties, Third Party Plaintiff SmileCare or other Third Party)

12       Any actions or inactions and any damages resulting therefrom, were caused solely or in

13   material part by an act or omission of Charging Parties, or SmileCare and/or its employees or

14   agents, or a third party unrelated to Dr. Reddy, for which Dr. Reddy is not liable.

15

### THIRD AFFIRMATIVE DEFENSE

16

(Contribution)

17       Even if Dr. Reddy is adjudged technically liable, SmileCare and unknown third parties are

18   liable for all or some of the relief requested based upon the basic principles of contribution.

19

### FOURTH AFFIRMATIVE DEFENSE

20

(Statute of Limitations)

21       Some or all of the claims for relief asserted by Plaintiff, Charging Parties or other related

22   women, and SmileCare are barred by the applicable statutes of limitation.  See e.g. §706 of Title

23   VII, 42 U.S.C. §2000e-5(e)(1) and (f)(1).

24

### FIFTH AFFIRMATIVE DEFENSE

25

(Cause in Fact)

26       SmileCare has not alleged and cannot prove any facts showing that the conduct of Dr. Reddy

27   caused injury to SmileCare or Charging Parties or necessitated the incurrence of response and third

28   party complaint prosecution costs.

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 6 -

THIRD PARTY DEFENDANT RAJU REDDY, DDS, MD'S          NORTHERN DISTRICT COURT CASE NO.  C-07-04950 CRB
ANSWER TO THIRD PARTY COMPLAINT

### SIXTH AFFIRMATIVE DEFENSE

#### (Proximate Cause/Comparative Negligence)

Neither SmileCare nor Charging Parties have alleged and cannot prove that the conduct of Dr. Reddy was the proximate cause of injury to SmileCare or Charging Parties or necessitated the incurrence of response and third party complaint prosecution costs. Instead the proximate cause of injury to Charging Parties and/or SmileCare, if any, was the negligence, carelessness, lack of care, and fault of Charging Parties and/or SmileCare.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Compliance with all Statutes, Regulation, and Laws)

All activities of Dr. Reddy as vaguely alleged in Complaint, Third Party Complaint and/or other pleadings conformed to all statutes, governmental rules, regulations, or standards based on the state of knowledge existing at the times relevant to the Complaint, Third Party Complaint and other pleadings, Dr. Reddy is absolved from any liability in this action by reason of his full compliance with all statutes, regulations or other laws in effect at the time of the conduct that supposedly gives rise to Charging Parties and/or SmileCare.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Waiver)

SmileCare and Charging Parties have both engaged in conduct and activities sufficient to constitute a waiver of the alleged claims against Dr. Reddy.

### NINTH AFFIRMATIVE DEFENSE

#### (Estoppel)

SmileCare and Charging Parties have both engaged in conduct and activities sufficient to stop them from bringing the alleged claims against Dr. Reddy.

### TENTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

Charging Parties and/or SmileCare, by virtue of their acts or omissions, caused any of the injuries and damages suffered by Charging Parties and/or SmileCare, if any. As a consequence, Charging Parties and/or SmileCare are responsible for the creation of the condition of which

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 7 -

THIRD PARTY DEFENDANT RAJU REDDY, DDS, MD'S          NORTHERN DISTRICT COURT CASE NO. **C-07-04950 CRB**
ANSWER TO THIRD PARTY COMPLAINT

1  Charging Parties complain, and lack the clean hands necessary to assert the claims in the

2  Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Laches)

5  Charging Parties and SmileCare are barred from recovering under any of the claims asserted

6  in the Complaint and Third Party Complaint by the doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Exclusive Fault of Charging Parties and/or SmileCare/Comparative Negligence)

9  The injuries complained of in the Complaint and Third Party Complaint (if any there were)

10  were caused solely, directly, and proximately by the negligence, carelessness, lack of care, and

11  fault of Charging Parties and/or SmileCare. Dr. Reddy acted with due care concerning any

12  relationship with Charging Parties and Patients and conducted himself as a reasonable surgeon,

13  (possible) independent contractor, (possible) SmileCare employee and (possible) supervisor under

14  the circumstances. Charging Parties and SmileCare are therefore solely responsible for any

15  damages caused thereby.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Superseding Cause/Comparative Negligence)

18  The damages sustained by Charging Parties, if any, are the result of actions of third parties

19  constituting an intervening or superseding cause, precluding any liability on the part of Dr. Reddy.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Lack of Damages)

22  Charging Parties and SmileCare have not suffered any damages or incurred any prosecution,

23  response and/or third party complaint prosecution costs as a result of any acts or omissions of Dr.

24  Reddy, and therefore, Charging Parties and SmileCare are barred from asserting any claims against

25  Dr. Reddy.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Unjust Enrichment)

28  Dr. Reddy alleges that each and every claim asserted by SmileCare and/or Charging Parties

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 8 -

THIRD PARTY DEFENDANT RAJU REDDY, DDS, MD'S         NORTHERN DISTRICT COURT CASE NO. **C-07-04950 CRB**
ANSWER TO THIRD PARTY COMPLAINT

1  against Dr. Reddy is barred, in whole or part, because it would result in unjust enrichment to
2  SmileCare and/or Charging Parties.

3                    **SIXTEENTH AFFIRMATIVE DEFENSE**
4                      (Undue Delay/Mitigation of Damages)

5      If Charging Parties and/or SmileCare are held entitled to recover any costs or damages,
6  including through indemnification, such recovery must be reduced by the excess costs and damages
7  attributable to Charging Parties' and SmileCare's prolonged failure to take appropriate action to
8  mitigate such costs and damages both before and after the institution of this action.

9                   **SEVENTEENTH AFFIRMATIVE DEFENSE**
10                             (Proper Party)

11     The Complaint and the Third Party Complaint, and every purported claim respectively
12 contained therein, is barred as against Dr. Reddy, who is not a proper party to this lawsuit.  See
13 *Northwest Airlines, Inc. v. Transport Workers Union of America, AFL-CIO* (1981) 451 U.S. 77,
14 101 S. Ct. 1571, 67 L. Ed. 2d 750; *Miller v. Maxwell's Intl. Inc.*, 991 F.2d 583 (9th Cir. Cal. 1993).

15                    **EIGHTEENTH AFFIRMATIVE DEFENSE**
16                             (Inadequate Notice)

17     Any notice which the Plaintiff and/or Charging Parties and/or SmileCare have provided to
18 Dr. Reddy, prior to filing this action against Dr. Reddy, the fact of which Dr. Reddy denies, was
19 inadequate and failed to satisfy the necessary requirements.

20                    **NINETEENTH AFFIRMATIVE DEFENSE**
21                            (Assumption of Risk)

22     SmileCare is barred from seeking relief for damages under its Third Party Complaint and
23 each claim for relief set forth therein because SmileCare assumed the risk of all damages relating
24 to employment actions they take with their own employees, including Charging Parties.

25                    **TWENTIETH AFFIRMATION DEFENSE**
26                                (Consent)

27     Charging Parties and SmileCare are barred from seeking recovery from Dr. Reddy under their
28 Complaint and Third-Party Complaint, and each claim for relief set forth therein relating to the

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 9 -

THIRD PARTY DEFENDANT RAJU REDDY, DDS, MD'S          NORTHERN DISTRICT COURT CASE NO. **C-07-04950 CRB**
ANSWER TO THIRD PARTY COMPLAINT

1 | workplace established, controlled and maintained by SmileCare for its employees, including the

2 | Charging Parties, all actions and activities within said workplace and all other alleged wrongful

3 | conduct because Charging Parties and/or SmileCare expressly and/or impliedly consented to, or

4 | had knowledge of said workplace, all actions and activities and all other alleged wrongful conduct.

5 | **TWENTY-FIRST AFFIRMATIVE DEFENSE**

6 | (Failure to Exhaust Administrative/Contractual Remedies)

7 | Charging Parties and SmileCare failed to exhaust their respective administrative and/or

8 | contractual remedies with, respectively, SmileCare or Dr. Reddy.

9 | **TWENTY-SECOND AFFIRMATIVE DEFENSE**

10 | (Exclusivity of Workers' Compensation)

11 | Dr. Reddy alleges that this Court is without jurisdiction as to any claim by Charging Parties

12 | for damages or injury including, but not limited to, any claim of emotional and/or physical injuries

13 | and that the Workers' Compensation Appeals Board has exclusive jurisdiction over Charging

14 | Parties' claims for such injuries.

15 | **TWENTY-THIRD AFFIRMATIVE DEFENSE**

16 | (Reasonable Steps)

17 | Charging Parties unreasonably failed to take any preventative or corrective procedures

18 | provided by SmileCare or take any other steps to avoid harm and SmileCare failed to exercise

19 | reasonable care to prevent and promptly correct any discrimination or retaliation, if any, in its own

20 | maintained and controlled workplace, which the Charging Parties and Dr. Reddy worked in, and

21 | SmileCare had sole control over.

22 | **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

23 | (Legitimate Non-Discriminatory/Non-Retaliatory Reasons for any Decision)

24 | Dr. Reddy alleges that any decisions, recommendations or any other advice relating to any

25 | SmileCare employee, including Charging Parties, that he made, if any, were not based on Charging

26 | Parties' sex, or in retaliation for any action taken by Charging Parties and/or SmileCare, or based

27 | on any other improper or illegal consideration, but rather were based on one or more legitimate,

28 | sufficient, non-discriminatory and non-retaliatory reasons.

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

THIRD PARTY DEFENDANT RAJU REDDY, DDS, MD'S
ANSWER TO THIRD PARTY COMPLAINT

NORTHERN DISTRICT COURT CASE NO. **C-07-04950 CRB**

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Lack of Adverse Employment Action)

The Complaint and Third-Party Complaint, and each and every allegation contained therein, is barred because (1) Charging Parties did not suffer any adverse employment action and (2) cannot suffer any adverse employment action due to Dr. Reddy as he is specifically barred from taking any, including adverse, employment action against any SmileCare employee, including Charging Parties, pursuant to the terms of Provider Agreement.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (At Will Employee)

To the best of Dr. Reddy's belief and knowledge, Charging Parties are "at will" employees of SmileCare and therefore the Complaint and Third Party Complaint, and each of its causes of action, are barred because, at all relevant times, Charging Parties were "at-will" employees of SmileCare, subject to termination, with or without cause and with or without notice.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure of Consideration)

Dr. Reddy believes Provider Agreement lacked proper consideration at the time of execution and therefore is void. As such, Third Party Complaint's claims for contractual indemnify are barred since they are dependant on a void contract between Dr. Reddy and SmileCare.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Duress)

Dr. Reddy was forced to execute Provider Agreement with SmileCare under duress as he was given no choice to negotiate the terms and was forced to accept agreement as is, extremely one-sided towards SmileCare in almost every term. Under these circumstances the Provider Agreement is void. As such, Third Party Complaint's claims for contractual indemnify are barred since they are dependant on a void contract between Dr. Reddy and SmileCare.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Fraud)

Dr. Reddy was never informed by SmileCare of the extreme nature to which Provider

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

THIRD PARTY DEFENDANT RAJU REDDY, DDS, MD'S
ANSWER TO THIRD PARTY COMPLAINT

NORTHERN DISTRICT COURT CASE NO. C-07-04950 CRB

1  Agreement favored SmileCare or that his relationship with SmileCare would be different than the

2  one in Provider Agreement.  Since the execution of Provider Agreement, Dr. Reddy has discovered

3  the extreme one-sidedness of Provider Agreement and the breaches of Provider Agreement by

4  SmileCare, including direct statements (that contradicted terms of Provider Agreement) that

5  indicated SmileCare never had any intent on following the terms of Provider Agreement.  Under

6  these circumstances the Provider Agreement is invalid.  As such, Third Party Complaint's claims

7  for contractual indemnify are barred since they are dependant on an invalid contract between Dr.

8  Reddy and SmileCare.

9  ### THIRTIETH AFFIRMATIVE DEFENSE

10  (Illegality)

11  The Complaint and Third-Party Complaint, and each and every cause of action contained

12  therein, is barred because it is illegal, under Title VII and public policy, to hold a non-employer

13  liable for violations that Title VII only holds an employer liable and to allow indemnification, on

14  contractual or equitable grounds, of an employer by a non-employer who cannot make employment

15  decisions. See *Northwest Airlines, Inc. v. Transport Workers Union of America, AFL-CIO* (1981)

16  451 U.S. 77, 101 S. Ct. 1571; *Miller v. Maxwell's Intl. Inc.*, 991 F.2d 583 (9th Cir. Cal. 1993).

17  ### THIRTY-FIRST AFFIRMATIVE DEFENSE

18  (Frivolous Action)

19  Dr. Reddy alleges Third Party Complaint is frivolous, unreasonable and groundless thereby

20  entitling Dr. Reddy to an award of attorney's fees. *Christianburg Garment Co. v. EEOC*, 434 U.S.

21  412, 421 (1978).

22  ### THIRTY-SECOND AFFIRMATIVE DEFENSE

23  (Punitive Damages)

24  Dr. Reddy alleges that punitive damages are unavailable because any alleged actions by Dr.

25  Reddy with regard to Charging Parties' employment were conducted in good faith and without

26  fraud, oppression, or malice for Charging Parties and their rights.  Any award of punitive damages

27  as sought in Compliant and Third Party Complaint would violate the due process and excessive

28  fine clauses of the Fifth, Eighth and Fourteenth Amendments of the United States Constitution, as

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 12 -

THIRD PARTY DEFENDANT RAJU REDDY, DDS, MD'S
ANSWER TO THIRD PARTY COMPLAINT

NORTHERN DISTRICT COURT CASE NO. **C-07-04950 CRB**

1   well as the Constitution of the State of California.

2                            **COUNTERCLAIMS**

3              (AGAINST DEFENDANT/THIRD PARTY PLAINTIFF SMILECARE)

4       Pursuant to Rule 13 of the FEDERAL RULES OF CIVIL PROCEDURE, Counter-complainant

5   RAJU REDDY, D.D.S., M.D., ("Dr. Reddy") alleges counterclaims against Counter-defendant

6   COMMUNITY DENTAL SERVICES, INC., dba SMILECARE ("SmileCare") as follows:

7       1.Dr. Reddy repeats and alleges those factual allegations and admissions contained within

8   Dr. Reddy's responses to paragraphs 1 through 8 of the Third Party Complaint as stated above.

9       2.Dr. Reddy contends that while Provider Agreement defines the relationship between

10  SmileCare and Dr. Reddy as one of independent contractor, SmileCare repeatedly treated Dr.

11  Reddy in multiple areas of their relationship as an employee.

12                        **FIRST COUNTERCLAIM**

13                  **(Equitable Indemnity/Contribution)**

14      3.If Charging Parties have been damaged as alleged, or as any of the Charging Parties might

15  in the future allege, any and all such injuries or damages were proximately caused or contributed

16  by the negligence, fault, acts or omissions of SmileCare.  Under the doctrine of contribution, Dr.

17  Reddy's alleged negligence, fault, acts or omissions if any, must be compared with the negligence,

18  fault of acts or omissions of SmileCare, as well as that of any other person or parties, who may

19  have contributed to and/or caused the alleged wrongdoing at issue.  Any award of damaged to the

20  Charging Parties resulting from such comparison must be apportioned to, and required to be paid

21  by, SmileCare, according to the amount and degree of the negligence, fault, acts or omissions.

22      4.Under the doctrine of equitable indemnity, Dr. Reddy is entitled to be held harmless and

23  indemnified by SmileCare, in the same amount as may be paid or rendered against Dr. Reddy, by

24  virtue of settlement or judgment, according to the relative fault or percentage of fault of SmileCare,

25  which proximately caused or contributed to the injury or damages, if any, alleged suffered by the

26  Charging Parties to this action against Dr. Reddy.  Dr. Reddy is further entitled to be held harmless

27  and indemnified by SmileCare for reasonable costs, including but not limited to attorneys fees

28  (California Code of Civil Procedure section 1021.6), incurred in defending the main action, Third

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 13 -

Party Complaint and any other pleading against Dr. Reddy.

## SECOND COUNTERCLAIM

### (Breach of Contract)

5. Dr. Reddy repeats and re-alleges the allegations set forth in paragraphs 1 through 4 above and incorporates them herein by this reference.

6. Dr. Reddy has at all times performed the terms of the contract in the manner specified by the contract.

7. SmileCare failed and refused, and continually refuses, to tender their performance as required by Provider Agreement. This includes SmileCare's multiple continual breaches of various sections of Provider Agreement, including but not limited to compensation and expenses, timeliness of payment, equipment and staff, policies and procedures with SmileCare employees, management duties involving SmileCare employees, and receipt of input from doctors, throughout the employment/business relationship between Dr. Reddy and SmileCare, causing permanent harm to Dr. Reddy and other SmileCare employees, including but not limited to Charging Parties.

8. SmileCare's failure and refusal to perform its obligations under Provider Agreement has directly damaged Dr. Reddy through (a) the loss of earnings and other benefits he is entitled to under Provider Agreement and (b) incurring reasonable attorneys fees in Dr. Reddy's defense of himself in connection with this Complaint and Third Party Complaint. Dr. Reddy has also been damaged in an amount according to proof for lost employment and/or business opportunities.

## THIRD COUNTERCLAIM

### (Breach of Implied Covenant of Good Faith & Fair Dealing)

9. Dr. Reddy repeats and re-alleges the allegations set forth in paragraphs 1 through 8 above and incorporates them herein by this reference.

10. Provider Agreement contains an implied covenant of good faith and fair dealing by which SmileCare promised to give full cooperation to Dr. Reddy and his performance under the said contract and to refrain from doing any act which would prevent or impede Dr. Reddy's enjoyment of the fruits of the said contract. Specifically, the said covenant of good faith and fair dealing required SmileCare to fairly, honestly and reasonably perform the terms and conditions of Provider

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

1  Agreement and deal with their own employees appropriately and legally.

2      11. Dr. Reddy as an individual independent contractor and/or SmileCare employee, with no

3  legal representation or prior experience in making such agreements as the one alleged herein, was

4  in an inherently unequal bargaining position in his dealings with SmileCare, an established

5  company with millions of dollars in assets and in-house legal and human resource departments.

6  Once Dr. Reddy committed himself to Provider Agreement and took the reasonable actions alleged

7  herein in reliance on the said agreement, Dr. Reddy was placed in a particularly vulnerable position

8  because few openings existed in his field for persons in his condition.  Dr. Reddy entrusted his

9  livelihood to SmileCare's willingness to perform its obligations under the contract, and risked

10  suffering grave harm if SmileCare failed to perform.  SmileCare was aware of Dr. Reddy's

11  vulnerability in this regard and took advantage of it.

12      12. Dr. Reddy is informed and on that basis believes that SmileCare breached its agreement

13  with Dr. Reddy without conducting any reasonable investigation concerning its obligations under

14  Provider Agreement, without good or sufficient cause, for reasons extraneous to the agreement,

15  and for the purpose of frustrating Dr. Reddy's enjoyment of the benefits of Provider Agreement.

16  Accordingly, SmileCare breached its implied duty of good faith and fair dealing.

17      13. Further, SmileCare breached this covenant with regard to Dr. Reddy through various

18  actions, including by not limited to: (a) subjecting Dr. Reddy to differential standards from other

19  employees and/or independent contractors; (b) impleading Dr. Reddy into an employment lawsuit

20  with SmileCare employees when Provider Agreement specifically limits Dr. Reddy's interaction

21  with SmileCare employees and does not allow Dr. Reddy to take any employment action against

22  any SmileCare employee; (c) failing to follow written policies, or to apply the same personnel

23  practices to other employees and/or independent contractors in the same manner that it was applied

24  to Dr. Reddy and (d) failing to take all proper and legal steps with its own employees, including

25  Charging Parties.

26      14. As a result of SmileCare's violation of said implied covenant of good faith and fair

27  dealing and their reprehensible and wilful conduct, Dr. Reddy has suffered harm in (a) losses in

28  earnings, bonuses, deferred compensation and other employment benefits received by other

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA  94939
TEL (415) 464-8888
FAX (415) 464-8887

- 15 -

THIRD PARTY DEFENDANT RAJU REDDY, DDS, MD'S          NORTHERN DISTRICT COURT CASE NO. C-07-04950 CRB
ANSWER TO THIRD PARTY COMPLAINT

1 SmileCare employees and/or independent contractors; (b) incurring reasonable attorneys fees in Dr.

2 Reddy's attempts to defend himself in connection with this Complaint and Third Party Complaint;

3 (c) substantial loss in earnings, bonuses, deferred compensation, and other employment benefits

4 and cost incurred in lost employment and/or other business opportunities; and (d) causing Dr.

5 Reddy to suffer and continue suffering humiliation, embarrassment, and mental anguish, all to his

6 damage in an amount to be determined at trial.

7      15. Dr. Reddy's primary motivation in making Provider Agreement was to obtain secure

8 employment and terms and conditions of employment that would permit his development and

9 growth and still allow him substantial autonomy, freedom of action, and a supportive work

10 environment.

11      16. SmileCare committed the acts alleged herein maliciously, fraudulently, and oppressively

12 with the wrongful intention of injuring Dr. Reddy. Furthermore, SmileCare committed these acts

13 for an improper and evil motive amounting to malice, and in conscious disregard of Dr. Reddy's

14 rights. Dr. Reddy is thus entitled to recover punitive damages in an amount according to proof.

15 **FOURTH COUNTERCLAIM**

16 **(Negligence)**

17      17. Dr. Reddy repeats and re-alleges the allegations set forth in paragraphs 1 through 16

18 above and incorporates them herein by this reference.

19      18. Dr. Reddy and SmileCare have a business/employment relationship that has existed since

20 February 2004. Pursuant to the terms of Provider Agreement, SmileCare is solely responsible for

21 its own employees and Dr. Reddy does not have the authority to make any employment decisions

22 regarding any SmileCare employees. Dr. Reddy does not employ any individual.

23      19. SmileCare has a complete human resources department for its own employees and

24 complete employment manuals, policies and procedures, including (pursuant to Dr. Reddy's

25 knowledge and belief) a discrimination investigation complaint process.

26      20. If Charging Parties' allegations, or any part thereof, are true, any injuries and damages to

27 Charging Parties were caused exclusively by SmileCare's failure to exercise due care in the

28 employment and management of its own employees and workplace to ensure that employees and

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

1 | independent contractors alike were not subject to any discrimination or other unreasonable risk of
2 | harm when in the workplace.

3 |     21. As a direct and proximate result of the negligence, carelessness, recklessness, and
4 | unlawfulness of SmileCare, as aforesaid, Dr. Reddy sustained damage in a sum within the
5 | jurisdiction of this court and to be shown according to proof.

6 |     22. Due to the foregoing, Dr. Reddy has been required to employ the services of attorneys,
7 | and has been compelled to incur expenses for defense of Third Party Complaint and the underlying
8 | Compliant in this action.  Dr. Reddy is informed and believes, and thereon alleges, that further
9 | services of said nature will be required by Dr. Reddy in an amount to be shown according to proof.

10 | **FIFTH COUNTERCLAIM**
11 | **(Declaratory Relief)**

12 |     23. Dr. Reddy repeats and re-alleges the allegations set forth in paragraphs 1 through 22
13 | above and incorporates them herein by this reference.

14 |     24. An actual controversy has arisen and now exists between Dr. Reddy and SmileCare
15 | regarding the duty of SmileCare to indemnify, in whole or in part, Dr. Reddy from any claim, loss,
16 | expense, cost or liability that Dr. Reddy may incur as a result of the present lawsuit by Plaintiff and
17 | Third Party Complaint.

18 |     25. The Complaint alleges employment discrimination by SmileCare, the employer of
19 | Charging Parties, based on sex and retaliation.  Dr. Reddy is not the employer of Charging Parties
20 | nor, pursuant to the terms of Provider Agreement, can he take any employment, including adverse,
21 | action against any SmileCare employee, including Charging Parties.  However, SmileCare has
22 | alleged both a contractual and equitable right of indemnification and contribution from Dr. Reddy
23 | for the allegations of Charging Parties.

24 |     26. Pursuant to *Northwest Airlines, Inc. v. Transport Workers Union of America, AFL-CIO,*
25 | (1981) 451 U.S. 77, the United States Supreme Court declared that contribution from a non-
26 | employer in a Title VII lawsuit is not allowed.  Further, the Court in *Kellas v. Smith,* 2006
27 | U.S.Dist. LEXIS 96659 (C.D.CA. 2006), within the Ninth Circuit, held the employer may not seek
28 | indemnification from a non-employer under either a contractual or equitable theory for Title VII

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

THIRD PARTY DEFENDANT RAJU REDDY, DDS, MD'S
ANSWER TO THIRD PARTY COMPLAINT

NORTHERN DISTRICT COURT CASE NO. **C-07-04950 CRB**

1  violations. Therefore, SmileCare is not entitled to indemnification from Dr. Reddy under any

2  theory for a Title VII lawsuit brought against SmileCare by its own employees.

3      27. Dr. Reddy seeks a judicial determination of the respective rights and duties of SmileCare

4  and Dr. Reddy with respect to the forgoing controversy. Such a determination is necessary and

5  appropriate at this time so that Dr. Reddy may ascertain its rights and duties with respect to such

6  issues. In particular, Dr. Reddy seeks a declaration that Dr. Reddy is not liable for any of the

7  matters alleged in the Complaint; a declaration that indemnification and contribution from an

8  individual non-employer is inapplicable in a Title VII employment lawsuit by the actual

9  employer's employees; a declaration that Dr. Reddy is not liable for any of the matters alleged in

10  the Third Party Complaint; and a declaration that Dr. Reddy is not liable for past or future costs of

11  responding to Third Party Complaint and Complaint.

12                    **DEMAND FOR A JURY TRIAL**

13      Dr. Reddy hereby demands a jury trial on all issues to which such a right exists.

14                          **PRAYER**

15  **WHEREFORE**, Dr. Reddy prays for judgment as follows:

16      (a)    That Third Party Plaintiff SmileCare take nothing by way of its Third Party

17              Complaint, and that the Third Party Complaint be dismissed with prejudice;

18      (b)    For a declaration that Dr. Reddy is not liable for any of the matters alleged in the

19              Complaint;

20      (c)    For a declaration that indemnification and contribution from an individual non-

21              employer is inapplicable in a Title VII employment lawsuit by the actual

22              employer's employees;

23      (d)    For a declaration that Dr. Reddy is not liable for any of the matters alleged in the

24              Third Party Complaint;

25      (e)    For a declaration that Dr. Reddy is not liable for past or future costs of responding

26              to Third Party Complaint and Complaint;

27      (f)    That Dr. Reddy be awarded his reasonable attorneys' fees and costs of suit

28              incurred herein in defense of himself in connection with this Complaint and Third

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 18 -

THIRD PARTY DEFENDANT RAJU REDDY, DDS, MD'S
ANSWER TO THIRD PARTY COMPLAINT                    NORTHERN DISTRICT COURT CASE NO. **C-07-04950 CRB**

1 | Party Complaint, payable by SmileCare;

2 | (g) | That Dr. Reddy be awarded damages for losses of earnings and other benefits he

3 | is entitled to under Provider Agreement and for substantial losses in earnings,

4 | bonuses, deferred compensation, and other employment benefits and costs

5 | incurred as a result of lost employment and/or other business opportunities in

6 | amounts according to proof;

7 | (h) | That Dr. Reddy be awarded damages for humiliation, embarrassment, and mental

8 | anguish he has suffered in amounts according to proof;

9 | (i) | That Dr. Reddy be awarded punitive damages in amounts according to proof; and

10 | (j) | For such other and further relief as this court may deem just and proper.

12 | Dated: July 15, 2008

Respectfully submitted,

BRADLEY, CURLEY, ASIANO,
BARRABEE & GALE, P.C.

By: _____

MEGHAN E. OLIVERI, ESQ.
Attorney for Third Party Defendant/Counter-
complainant RAJU REDDY, D.D.S., M.D.

F:\DOCS\Reddy\7453\P\3PD Answer.wpd

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

THIRD PARTY DEFENDANT RAJU REDDY, DDS, MD'S          NORTHERN DISTRICT COURT CASE NO. C-07-04950 CRB
ANSWER TO THIRD PARTY COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 2001**

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

THIRD PARTY DEFENDANT RAJU REDDY, DDS, MD'S
ANSWER TO THIRD PARTY COMPLAINT

NORTHERN DISTRICT COURT CASE NO. **C-07-04950 CRB**

ORAL SURGEON
Rev 8/03

# PROVIDER AGREEMENT AND SPACE RENTAL AGREEMENT

This Professional Provider agreement is made effective on the date set forth in Paragraph 16 hereof, by and between Community Dental Services, dba SmileCare Dental Group, (referred to herein as "Corporation"), and the undersigned licensed dentist (referred to herein as "Provider").

## RECITALS:

A.    Corporation is a Knox-Keene Corporation, duly licensed in the State of California.

B.    Provider is duly and currently licensed to practice dentistry in the State of California and is certified in the specialty of Oral Surgery. Provider's license number is set forth below.

C.    Corporation agrees to utilize Provider's services and Provider desires to provide professional services to Corporation on the terms and conditions set forth herein.

## AGREEMENT:

In consideration of the mutual terms, covenants and conditions set forth herein, Corporation and Provider agree as follows:

1.    **Retainer:** Corporation hereby retains Provider, and Provider hereby accepts this retainer to perform professional dental services for and on behalf of Corporation, on the terms and conditions set forth herein.

2.    **Standard of Care:** It is expressly understood and agreed by the parties hereto that Provider is engaged herein as an independent contractor and that Corporation or any of their agents or employees shall not have nor exercise any control or direction over the manner or method by which Provider performs original or follow-up care and professional services hereunder. Provider hereby represents and warrants that he is knowledgeable of the currently approved methods and practice in the dental field and hereby agrees that during the term of this Agreement he shall render professional services in strict compliance with currently approved methods and practice in the dental field.

3.    **Scheduling of Professional Services:** During the term hereof, Corporation will refer patients to Provider and Provider shall treat and care for these patients. Provider agrees to provide these services only at Corporation's locations set forth below. The scheduling of the patient services that are to be rendered by Provider shall be scheduled in accordance with the schedule set forth on Exhibit A attached hereto and incorporated herein by reference.

Initials Provider: _____    Initials Corporation: _____

4.    **Compensation:**  Provider's compensation for the services rendered pursuant to this Agreement shall be as set forth in Exhibit B attached hereto.

5.    **Rent:**  Provider agrees to pay Corporation rental amount as stipulated in Exhibit B for use of facilities and dental equipment.  Provider further agrees said amount will be deducted from gross compensation.

6.    **Auxiliary Wage Reimbursement:**  Provider agrees to reimburse Corporation for wages paid to Provider's assistants as stipulated in Exhibit B.  Provider further agrees said amount will be deducted from gross compensation.

7.    **Supplies:**  Provider agrees to reimburse Corporation for any supplies utilized. Provider further agrees said amount will be deducted from gross compensation.

8.    **Lab Fees:**

8.01    Provider agrees to reimburse Corporation for any lab fees.  Provider further agrees said amount will be deducted from gross compensation.

8.02    Any additional laboratory charges incurred by doctor error shall be deducted from next or final compensation.  Final compensation will be held for 30 days for identification and computation of any amounts due hereunder.

9.    **Fees, Billing and Records:**

9.01    Fees:  The initial, general fee schedule for the services to be provided by Provider are those filed by Corporation with state and other dental fee regulatory agencies.  Providers shall not quote, contract for, or otherwise advise patients of fees for services to be rendered, unless such quotes, contract or advice is approved in advance in writing by Corporation or is in accordance with the written policies of Corporation.

9.02    Billing:  It is expressly understood that all fees for treatment rendered by Provider from the practice of dentistry in Corporation's facilities shall be billed to and collected from patients by Corporation and are the property of Corporation.  Provider agrees to cooperate in all ways to assist Corporation in collecting said fees for patient treatments and authorizes Corporation to submit claims for services rendered in Provider's name and provider hereby grants signatory for this purpose as may be required. Provider agrees to forward to Corporation any and all checks sent to Provider for services performed pursuant to this contract.  If Provider fails to do so, he agrees to be responsible not only for replacement of misappropriated funds, but all legal and accounting fees as well, incurred as a result of this breach.

9.03    Commencement of Treatment:  Provider agrees that no treatment of any of Corporation's patients will be commenced without such patient (or such patient's guardian or parent) first completing and signing a patient health history, treatment authorization form, and a fee agreement, countersigned by an authorized representative of Corporation.

Initials Provider:_____    Initials Corporation:_____

2

9.04    Records:  Provider acknowledges and agrees that all of Corporation's patient records, charts and files are the property of Corporation, and that they shall not be removed from the custody and control of Corporation, and/or copied without the express written consent of Corporation.

9.05    Provider agrees to be liable for integrity of his work for the reasonable life of the dental care, and in all cases, not less than one (1) year.

9.06    Hold Harmless:  In the event Corporation fails to pay Provider for any or all health care services, the subscriber or patient enrollee shall not be liable to the Provider for any sums owed by the Corporation.  Nothing herein shall in anyway modify this agreement as it relates to Corporation and Provider.

10.    **Equipment and Facilities:**    Corporation shall provide Provider with such facilities, dental chairs, and dental equipment as may be reasonably required to perform the services described herein, unless otherwise expressly provided herein.  Provider must provide any specialized instruments and/or equipment as he may deem necessary to provide treatment.

11.    **Relationships, Indemnification:**

11.01    Relationship: Nothing set forth herein shall in any way be construed to create any relationship between Corporation and Provider other than that of independent contractors. Except as expressly set forth herein, neither party hereto shall be authorized to, nor will they act in the name of the other or bind or otherwise commit the other to any obligation.

11.02    Filing:  Provider shall have no interest in the business of Corporation, nor shall Provider be entitled to any remuneration or benefits from Corporation, except as expressly set forth herein.  Provider acknowledges that all compensation paid to Provider shall be reported to appropriate taxing authorities as income received for contracted services as an independent contractor.  Provider further agrees to indemnify Corporation for all costs and damages including legal fees incurred by Corporation for failing to so report.

11.03    Dentist-Patient Relationships:  It is agreed that as an independent contractor, Provider shall have the control and direction of the treatment and care of Corporation's patients referred to Provider for treatment.  Corporation shall only be responsible for scheduling and billing patients for such care.

11.04    Quality of Care:  Provider agrees to perform the services described herein in a manner and standard comparable to or above those standards prevalent in the general community and in accordance with the Dental Practice Act of the State of California.

Initials Provider:_____    Initials Corporation:_____

3

11.05 Insurance: It is expressly understood and agreed that Provider is responsible solely for any acts of malpractice that he may commit during the term of this Provider Agreement. It is understood and further agreed that Provider shall carry that degree of malpractice insurance that he feels prudent, so long as this shall not fall below those minimum requirements set by Corporation and outlined herein in 16.05. Provider's insurance policy shall name Corporation as an additional insured. Provider shall provide Corporation a current Certificate of Insurance consistent with the requirements of this Agreement. Provider expressly accepts total responsibility, for any and all damages that might be assessed against him for any malpractice committed during the term of this Agreement and agrees to indemnify Corporation, it's shareholders and officers for any costs or damages incurred, including legal fees, as a result of Provider treatment of any patient. Provider agrees to remain covered by malpractice insurance throughout the term of this Agreement. In the case of Provider carrying insurance referred to commonly as "claims made", Provider agrees to continue coverage and/or purchase a "tail" on coverage to cover any acts of contended malpractice not reported by patient but occurring during term of this Agreement.

11.06 It is expressly understood and agreed that Provider specifically acknowledges that as an independent contractor, Provider is not entitled to unemployment insurance, Workman's Compensation benefits, coverage under Corporation's medical insurance plan, nor any other benefits accorded to employees of Corporation. Provider confirms that he currently carries and will maintain appropriate Workman's Compensation coverage.

11.07 Indemnification: Provider hereby indemnifies Corporation and saves it harmless from and against any damages, costs, expenses or loss (including legal fees and court costs) resulting from Provider's failure to perform any act required herein, or as a result of performing such act in a negligent manner and misconduct, including failure to retain and maintain insurance coverage pursuant to terms of 11.05 herein.

11.08 At all times, Provider agrees to conduct himself in a professional and businesslike manner with patients and staff alike. As well, Provider agrees to instruct any assistants he may provide to act in the same manner.

11.09 It is expressly understood that memorandum or written documents from Corporation or any officers or employees are advisory only and not intended to interfere with or override Provider judgement or treatment of a specific patient. It is expressly agreed that the usage of office forms is not to be deemed as an attempt to override Provider judgement or treatment of a specific patient.

12.    Patient and Employee Relationships:

12.01 Patient List: Provider acknowledges that Corporation's patient lists are of a confidential nature, and may be made available to Provider because of the trust placed in Provider and as required to enable Provider to perform the services described herein. Provider agrees not to use or divulge any information relating to patients, copy such records, or to independently solicit patients, without the express written authorization of Corporation.

Initials Provider:_____    Initials Corporation:_____

4

12.02 Auxiliary Staff: Provider authorizes Corporation to hire dental assistants, registered dental assistants and all auxiliary staff. Provider understands he has the right to set standards, review performance and recommend termination to personnel department in a professional and confidential manner. Provider shall train his assistants in a manner suitable to his treatment of patients, however, at no time shall Provider request an auxiliary to perform any task he or she is not licensed in California to perform, and to do so shall constitute a material breach of this Agreement.

13. **Term, Termination, Liquidated Damages:**

13.01 Term: The term of this Agreement shall be for one (1) year and begin from the date set forth in Paragraph 16.01. It shall continue on a year to year basis unless terminated by either party pursuant to Section 13.02.

13.02 Termination by Provider: In the event Provider elects to terminate this Agreement, Provider shall give Corporation at least thirty (30) days written notice of Provider's intent to terminate. Provider acknowledges that the 30 days would allow the Corporation an opportunity to obtain a replacement for Provider, so as to allow for a smooth transition of patient care on a continuing basis.

13.03 Liquidation Damages: It is agreed that in the event that Provider shall fail to give Corporation at least 30 days prior written notice of his intention to terminate this Agreement, it would be impractical or extremely difficult to fix the actual damage and the Corporation's economic loss, and therefore, Provider agrees that on his breach of the notice requirement, he will pay to Corporation as liquidated damages, and not as a penalty, the sum of $200.00 for each day less the 30 days notice of termination, not to exceed $6,000 which sum represents a reasonable compensation for the loss incurred by breach.

13.04 Termination by Corporation: It is agreed that Corporation may, with or without cause, immediately terminate this Agreement by delivery of written notice to Provider. Notwithstanding such termination, Provider agrees to cooperate with Corporation and use Provider's best efforts to assist in the orderly transition of patients and continuity of their care. Further, at Corporation's election, Provider agrees to complete any treatment in progress at the time of such termination.

14. Covenant Not to Compete:

14.01 Non-competition During Term of Agreement: During the term of this Agreement, Provider shall not, directly or indirectly, either as an employee, employer, consultant, agent, principal, partner, stockholder, corporate officer, director, or any other individual or representative capacity, engage or participate in any business that is in competition in any manner whatsoever with the business of Corporation.

Initials Provider: _____     Initials Corporation: _____

5

14.02   Unfair Competition After Termination of Agreement:  Provider acknowledges and agrees that the use or disclosure of any of Corporation's trade secrets obtained by Provider during the term of this Agreement, including but not limited to information concerning marketed accounts, employee lists and the like, constitutes unfair competition with Corporation, either during the term of this Agreement or at any time thereafter.

14.03   Soliciting Patients After Termination of Agreement:  Provider acknowledges and agrees that the names and addresses of Corporation's patients constitute trade secrets of Corporation and that the unauthorized use or disclosure of any of Corporation's trade secrets obtained by Provider during the term of this Agreement constitutes unfair competition.  Provider promises and agrees not to engage in any unfair competition with Corporation.

14.04   Provider agrees not to solicit nor attempt to spirit away any employees of Corporation should this agreement be terminated for any reason whatsoever, nor to attempt to solicit any employees who might be in the employ of Corporation at the time of the termination of this agreement, or at any time thereafter.

14.05   During the term of this agreement, and for a period of one year after termination of the agreement, provider agrees to not practice dentistry within a three mile radius of any SmileCare dental facility that Provider has practiced in.

15.   **General:**

15.01   Provider may not assign this Agreement or any of Provider's rights or obligations hereunder, without the prior written consent of Corporation.

15.02   As a material part of this Agreement, it is expressly understood that Corporation highly values its reputation in the community and Provider agrees to conduct himself in a supportive and professional manner cognizant of smooth patient and employee relations. Provider authorizes the use of his name on professional rosters, Provider lists and the like.

15.03   The waiver by either party of a breach of any one or more of the provisions of this Agreement shall not be construed to be a waiver of any subsequent or other breach of any of the provisions of this Agreement, or of any other covenant or condition set forth herein, nor shall compliance with any of the covenants or conditions set forth herein be construed as, in any manner, changing the terms hereof or preclude the other party from enforcing all the provisions hereof.

15.04   The validity, interpretation and performance of this Agreement shall be controlled by, and construed under the laws of the State of California.  In the event any provision of this Agreement is hereafter adjudged to be, for any reason, invalid or unenforceable, the remaining provisions of the Agreement shall remain in full force and effect.

Initials Provider:_____   Initials Corporation:_____

6

15.05    The captions set forth herein are for convenience only and shall have no effect upon the construction or interpretation of any part or portion of this Agreement.

15.06    This Agreement contains the entire Agreement of the parties concerning the subject matter hereof.  All modifications and amendments hereto must be in writing.

15.07    All claims, disputes or questions of interpretation arising out of or relating to this Agreement shall be decided by arbitration in accordance with the rules of the American Arbitration Association in effect at the time of such claim, dispute or question of interpretation. This Agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. Each party shall bear their cost of this mutually binding arbitration including arbitration fees for hearing this matter.  The award rendered by the arbitrators shall be final, and the judgement may be entered upon it in accordance with the laws of the State of California.  Notice of arbitration shall be given in writing, and shall specify the nature of the claim, dispute or question of interpretation, and the position with respect thereto taken by the party giving notice.  In no event may a party request arbitration after the date on which institution of legal proceedings would be barred by the statue of limitations applicable to the claim, dispute or question on interpretation.

15.08    For purposes of this Agreement, the masculine shall be deemed the masculine, feminine or neuter gender.

15.09    Provider clearly understands that the business phone is not for personal telephone calls, and any personal calls that the Provider might find necessary to make from the office phone, even if local, must be billed to Provider's own phone.

15.10    Provider agrees herein to disclose any and all lawsuits or threatened litigation currently filed, pending, or resolved since his licensure to practice.

| Action | Date of Filing | Resolution | Court |
|--------|---------------|------------|-------|
| Action | Date of Filing | Resolution | Court |
| Action | Date of Filing | Resolution | Court |

15.11    Ongoing Duty of Disclosure:  Should any litigation or disciplinary action by State Board be threatened or filed, Provider agrees to notify Corporation in writing within ten (10) days of notification.

Initials Provider:_____    Initials Corporation:_____

15.12  Notices:  Any notice, payment, demand or communication required or permitted to be given hereunder must be in writing and shall be deemed to have been given or served for all purposes if delivered personally, or two (2) business days after deposit in the United States mail, registered or certified, postage and charges prepaid, addressed to the person to be notified at the applicable address specified below.  Any party may change his address for purposes of notice by a writing sent to the other parties in accordance with this Paragraph 15.12.

To Provider:  (Name) _RATU REDDY DDS, MP_

Address: _1457 MIRA MONTE AVE._

City,  State, Zip: _LOS ALTOS, CA   94024_

Telephone: _650 - 428 - 0699   (c) 650 - 387 - 6517_

To Corporation:          SmileCare Dental Group
                         3501 West Sunflower Avenue Suite 110
                         Santa Ana, CA 92704

                         Attn:  Dental Director

16.     **Other Matters:**  The following provisions of this agreement have been mutually agreed upon by the parties:

16.01   Effective Date of Agreement: _2 - 16 - 04_

16.02   Date Service to Commence: _2 - 21 - 04_

16.03   Provider's License Number: _OMS 46_

16.04   Tax I.D. Number: _417 - 02 - 5636_

16.05   DEA Number: _BR 79 86 675_

16.06  Malpractice  Insurance:    Provider  and  all  Provider's  assistants  shall  carry malpractice insurance in such amounts as may be required by Corporation from time to time. Current minimum requirements are set at $1,000,000/$3,000,000 for specialists.

Initials Provider: _R.R._          Initials Corporation: _MA_

8

16.07  Provider shall provide evidence of such insurance prior to commencement of care attached herewith or in any event prior to commencement of care.

In witness whereof, the parties hereto have made this Agreement effective on this date set forth above.

"Corporation"                                          "Provider"

Community Dental Services

By:_____          By:_____ DDS, MD

Date:_____2/24/04_____          Date:____2-16-04_____

Initials Corporation:_____ DDS, MD    Initials Provider:_____

9

EXHIBIT A

So that we may schedule patients appropriately, please list below the days and hours you are available to provide service.

### TIME AVAILABLE

| Day | Time | |
|---|---|---|
| Monday | From: | To: |
| Tuesday | From: 8 a m | To: 6 p. m. |
| Wednesday | From: | To: |
| Thursday | From: 8 a m | To: 6 p. m. |
| Friday | From: | To: |
| Saturday | From: 8 a m | To: 6 p. m. |

By: _Sanjiv V. Reddy_ ms, mp      Date: _2-16-04_
      Provider Signature

Initials Provider: _____      Initials Corporation: _____

10

## EXHIBIT B

## COMPENSATION

As compensation for all services rendered by Provider under this Agreement, the Corporation shall pay Provider an amount equal to twenty-five percent (25%) of the production less refunds by the Corporation during the term of this Agreement from services rendered by the Provider as outlined below.

The Corporation shall also advance to Provider a draw against such production in the amount of $ 2,000 for each full day of services rendered by Provider. The full amount of the draw shall be charged against the collections otherwise due provider under this Agreement. In the event Provider work needs redone after termination, Corporation may charge back the full value of this work against any amounts owing provider.

No compensation shall be earned, due or payable under this Agreement unless and until the collections from the Provider's services are actually received by the Corporation.

The amounts due under this Agreement shall be determined by the Corporation in accordance with its standard accounting policies and practices. The Corporation shall be responsible for collections, and shall have the sole discretion to formulate and carry out policies, practices, and record-keeping for all collections concerning Provider's services.

Provider will submit IRS Form 4669 yearly to the Corporation for filling with the IRS. In the event this agreement is terminated prior to year end, Provider shall submit a Form 4669 by year end.

By:_____     Date: 2-26-04
      Provider Signature

By:_____     Date:_____
      Corporation Signature

Initials Provider:_____     Initials Corporation:_____