ANDREW L. SATENBERG (Bar No. CA 174840)
NOEL S. COHEN (Bar No. CA 219645)
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224
Email: asatenberg@manatt.com
       ncohen@manatt.com

*Attorneys for Defendant and Third Party Defendant*
COMMUNITY DENTAL SERVICES, INC. dba
SMILECARE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>COMMUNITY DENTAL SERVICES, INC., dba SMILECARE,<br><br>Defendant | Case No. C 07-4950 CRB<br><br>COMMUNITY DENTAL SERVICES, INC. DBA SMILECARE'S ANSWER TO THIRD PARTY DEFENDANT'S COUNTERCLAIMS |
| COMMUNITY DENTAL SERVICES, INC., DBA SMILECARE,<br><br>Third Party Plaintiff,<br><br>vs.<br><br>RAJU REDDY, M.D.,<br><br>Third Party Defendant. | |

Defendant and Third Party Plaintiff Community Dental Services, Inc. dba SmileCare ("Defendant"), by its attorneys, states its Answer to the Counterclaims of Third Party Defendant Raju Reddy, M.D. ("TPD") as follows:

Rather than setting forth simple, concise, and direct averments of fact, TPD's Counterclaims consist primarily of legal conclusions, defenses, and arguments previously rejected by this Court. Therefore, it is difficult for Defendant to admit or deny many of the argumentative assertions made by TPD. Nonetheless, Defendant is admitting or denying those averments of fact about which it has knowledge.

1. Paragraph 1 of the Counterclaims merely incorporates TPD's answer to the Third Party Complaint and thus contains no factual averments that may be admitted or denied.

2. Defendant admits that the Provider Agreement defines the relationship between Defendant and TPD as one of independent contractor. Defendant denies the remaining allegations in Paragraph 2.

3. Paragraph 3 of the Counterclaims sets forth legal conclusions, not factual averments that may be admitted or denied. To the extent that this paragraph contains allegations of fact, Defendant denies, both generally and specifically, each and every allegation of this paragraph.

4. Paragraph 4 of the Counterclaims sets forth legal conclusions, not factual averments that may be admitted or denied. To the extent that this paragraph contains allegations of fact, Defendant denies, both generally and specifically, each and every allegation of this paragraph.

5. For its Answer to Paragraph 5 of the Counterclaims, Defendant incorporates its responses to Paragraphs 1 through 4 of the Counterclaims as though fully set forth herein.

6. Defendant denies the allegations set forth in Paragraph 6 of the Counterclaims.

7. Defendant denies the allegations set forth in Paragraph 7 of the Counterclaims.

8.   Paragraph 8 of the Counterclaims sets forth legal conclusions, not factual averments that may be admitted or denied. To the extent that this paragraph contains allegations of fact, Defendant denies, both generally and specifically, each and every allegation of this paragraph.

9.   For its Answer to Paragraph 9 of the Counterclaims, Defendant incorporates its responses to Paragraphs 1 through 8 of the Counterclaims as though fully set forth herein.

10.  Paragraph 10 of the Counterclaims sets forth legal conclusions, not factual averments that may be admitted or denied. To the extent that this paragraph contains allegations of fact, Defendant denies, both generally and specifically, each and every allegation of this paragraph.

11.  Defendant admits that TPD is an independent contractor. Defendant also admits that it has an in-house legal department and human resource department. Defendant denies that it was "aware of Dr. Reddy's vulnerability and took advantage of it." Defendant is without knowledge or information sufficient to inform a belief about the remaining factual averments and legal conclusions in Paragraph 11 of the Counterclaims.

12.  Defendant denies the allegations set forth in Paragraph 12 of the Counterclaims.

13.  Defendant denies the allegations set forth in Paragraph 13 of the Counterclaims.

14.  Paragraph 14 of the Counterclaims sets forth legal conclusions, not factual averments that may be admitted or denied. To the extent that this paragraph contains allegations of fact, Defendant denies, both generally and specifically, each and every allegation of this paragraph.

15.  Defendant is without knowledge or information sufficient to inform a belief about the factual averments and legal conclusions in Paragraph 15 of the Counterclaims.

16. Defendant denies the allegations set forth in Paragraph 16 of the Counterclaims.

17. For its Answer to Paragraph 17 of the Counterclaims, Defendant incorporates its responses to Paragraphs 1 through 16 of the Counterclaims as though fully set forth herein.

18. Defendant admits that TPD has been an independent contractor for Defendant. As to the remaining allegations in Paragraph 18, Defendant states that the Provider Agreement speaks for itself.

19. For its Answer to Paragraph 19, Defendant admits that it has a human resources department, employment manuals, and various policies and procedures. Defendant also admits that it conducts investigations of discrimination complaints in compliance with the law.

20. Paragraph 20 of the Counterclaims sets forth legal conclusions, not factual averments that may be admitted or denied. To the extent that this paragraph contains allegations of fact, Defendant denies, both generally and specifically, each and every allegation of this paragraph.

21. Paragraph 21 of the Counterclaims sets forth legal conclusions, not factual averments that may be admitted or denied. To the extent that this paragraph contains allegations of fact, Defendant denies, both generally and specifically, each and every allegation of this paragraph.

22. Paragraph 22 of the Counterclaims sets forth legal conclusions, not factual averments that may be admitted or denied. Defendant is without knowledge or information sufficient to inform a belief about the remaining factual averments and legal conclusions in Paragraph 22 of the Counterclaims.

23. For its Answer to Paragraph 23 of the Counterclaims, Defendant incorporates its responses to Paragraphs 1 through 22 of the Counterclaims as though fully set forth herein.

24.  Paragraph 24 of the Counterclaims sets forth legal conclusions, not factual averments that may be admitted or denied. To the extent that this paragraph contains allegations of fact, Defendant denies, both generally and specifically, each and every allegation of this paragraph.

25.  Defendant admits the allegations set forth in the first and third sentences of Paragraph 25. As to the second sentence of this paragraph, Defendant states that the Provider Agreement speaks for itself.

26.  Paragraph 26 of the Counterclaims sets forth legal conclusions, not factual averments that may be admitted or denied. To the extent that this paragraph contains allegations of fact, Defendant denies, both generally and specifically, each and every allegation of this paragraph. Further, the Court has already rejected TPD's legal theory that is set forth in this paragraph.

27.  Paragraph 27 of the Counterclaims sets forth legal conclusions, not factual averments that may be admitted or denied. To the extent that this paragraph contains allegations of fact, Defendant denies, both generally and specifically, each and every allegation of this paragraph. Further, the Court has already rejected TPD's legal theory that is set forth in this paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant alleges that some or all of TPD's claims fail to set forth facts upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant alleges that TPD is not entitled to punitive or exemplary damages because the Counterclaims fails to allege facts sufficient to warrant an award of punitive damages.

### THIRD AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant alleges that TPD's claims for punitive or exemplary damages are barred in that TPD has failed to plead facts

sufficient to support allegations of malice, oppression or fraud.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant alleges that none of its acts were spiteful, malicious, in bad faith or motivated by any ill-will or fraud. Instead, Defendant's acts were privileged, non-discriminatory, proper and taken in accordance with Defendant's rights as accorded by law.

### FIFTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant alleges that TPD's claims are barred by the doctrine of law of the case.

### SIXTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant alleges that all actions taken by Defendant was for good cause and not for any improper reason or motive, in that at all relevant times, Defendant acted with a good faith belief that it had good cause and/or a legitimate business reason to act as it did and did not directly or indirectly perform any acts which would constitute a violation of any individual's rights. As a consequence, TPD is not entitled to any damages whatsoever.

### SEVENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant alleges that some or all of TPD's claims are barred in that TPD and those referenced in TPD's Counterclaims, by reason of his own conduct and actions, has waived any right to assert the claims set forth therein.

### EIGHTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant alleges that TPD has failed to mitigate any alleged damages. Accordingly, the recovery from Defendant, if any, should be altogether barred, or, in the alternative, reduced in proportion to the failure to mitigate.

### NINTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant alleges that some or all of TPD's claims are barred in that TPD, by reason of his own conduct and actions, is estopped from asserting the claims set forth herein.

### TENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant alleges that some or all of TPD's claims are barred by the applicable statutes of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant alleges that some or all of TPD's claims are barred by the doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant alleges that the some or all of TPD's claims are barred by the doctrine of unclean hands by reason of TPD's own conduct and actions.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant alleges that TPD has not suffered any damages as a result of any acts and/or omissions of Defendant, thereby barring TPD from asserting any claims against Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant alleges that if any loss, injury, damage or detriment occurred as alleged in TPD's Counterclaims, some or all of such loss, injury, damage or detriment was caused and contributed to by the willful acts of TPD. Accordingly, TPD's recovery from Defendant, if any, should be barred or, in the alternative, reduced in proportion to the percentage of TPD's or others' fault.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant has engaged attorneys to represent it in defense of TPD's frivolous, unfounded and unreasonable Counterclaims, and Defendant is thereby entitled to an award of reasonable attorneys' fees and costs.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves the right to assert additional affirmative defenses in the event that discovery indicates that additional affirmative defenses are available.

WHEREFORE, Defendant prays that this Court enter judgment:

A.   dismissing TPD's Counterclaims in their entirety, with prejudice;

B.   awarding Defendant its attorneys' fees and costs in this action; and

C.   for any other relief that this Court may deem just and proper.

Dated: August 4, 2008                 MANATT, PHELPS & PHILLIPS, LLP

By: _____
Noel S. Cohen
*Attorneys for Defendant*
COMMUNITY DENTAL SERVICES
INC. DBA SMILECARE

41305069.1